McIntosh *v.* Ponder, Judge.

3-336                                                262 S. W. 2d 277

Opinion delivered November 30, 1953.

*Frierson, Walker & Snellgrove,* for petitioner.

*Hout & Thaxton,* for respondent.

GRIFFIN SMITH, Chief Justice. An automobile owned and driven by Josephine Graham, and one driven by Wendall McIntosh, collided at a highway intersection in Lawrence county. Mary Alice Wilmans and J. A. Gregory were in the Graham car as passengers. In separate actions they sued McIntosh, alleging acts of negligence as proximate causes of injuries and damages they sustained. The three plaintiffs asserted they were residents of Jackson county where the actions were brought. Summonses directed to the sheriff of Greene county were partially prepared by J. L. Ball, clerk, commanding McIntosh to answer within 20 days from July 28, 1953.

Acting upon the assumption that the process was insufficient for reasons presently to be mentioned, McIntosh sued Graham, Gregory, and Wilmans August 21st in his home county of Greene. He asked for a judgment against the three jointly and in severalty to compensate damages alleged to have been sustained in the same accident. A summons directed to the sheriff of Jackson county was issued when the complaint was filed and it was duly served.

August 31st McIntosh filed in Jackson circuit court his verified motion to quash the three summonses presumptively issued by the clerk of that court, expressly limiting his appearance to this purpose. From an order permitting the plaintiffs to amend the summonses and treating the amendments as relating back to the date of issuance McIntosh has asked for prohibition.

The three summonses were numbered 1539, 1540, and 1541 and are captioned "State of Arkansas, County of [blank]; Action by Ordinary Proceedings. The State of Arkansas, to the Sheriff of Greene County: You are commanded to summon Wendall McIntosh to answer before noon on the first day the court meets in regular or adjourned term after 20 days from the service of this writ upon him a complaint filed against him in the Circuit Court of said county by Josephine Graham and warn him that upon his failure to answer, the complaint will be taken for confessed. And you will make due returns

of this summons within 20 days after the service hereof. Witness my hand and seal of said court this 28th day of July, 1953. J. L. Ball, Clerk".[1]

It is first pointed out that the court whence the complaint issued is not shown; that an examination of the paper without other information indicates that the action is in Greene county; that the sheriff of Greene county was instructed to warn McIntosh that his answer should be made "in the circuit court of said county"; and, since no other county is mentioned there is a natural inference that upon failure to answer [there] the complaint will be taken for confessed.

Unfortunately from the standpoint of identification the issuing court's seal is so badly impressed that at least half of the wording cannot be read. Even with a standard magnifying glass—the use of which would not be required of a defendant or his attorney—the name of the issuing court is a virtual blank.

Counsel for the respondent concedes that the process is defective, but insists that it is not void, hence the defects when overcome would render the service good and it would relate back to the date of issuance.

The point is important because jurisdiction of the litigating parties by the court first empowered to adjudicate the subject matter is exclusive as to actions within the state. *Wasson, Bank Commissioner,* v. *Dodge, Chancellor,* 192 Ark. 728, 94 S. W. 2d 720.

To constitute jurisdiction in personal proceedings there are three essentials: The court must have cognizance of the class of cases to which the one to be tried belongs; the proper parties must be present, and the point decided must, in substance and effect, be within the issue. *Rankin* v. *Schofield,* 81 Ark. 440, 98 S. W. 674.

Petitioner in the case at bar relies upon *Files* v. *Robinson,* 30 Ark. 487, and what Chief Justice ENGLISH said in that case, where a summons similar to those here chal-

---

[1] The three summonses are alike in that matters urged in avoidance are identical.

lenged was issued. "The paper issued by the clerk in this case as a summons," says the opinion, "is wanting in several features to make it a writ. It does not state the court in which the suit was brought . . . nor the place where the court was held. . . . The defendants were required to file their answer 'in this office,' but what office that was, or where located, does not appear on the face of the paper. The person who issued the paper styles himself 'clerk,' but of what court is not stated. He set his 'seal of office' to the instrument, but of what office does not appear; nor is the paper made returnable to any court, or at any time."

Under the Act of March 27, 1871, not repealed at the time the Robinson judgment was entered,[2] the clerk was authorized to·enter default judgments. Attention was directed to the procedural requirements under the code practice by which a defendant served with defective process might move to quash; or, if judgment had been taken by default, the court might be asked to set it aside before an appeal was taken or writ of error had issued. It was then said that an application to the clerk to quash the summons or vacate the judgment would have been unavailing, "for he had the power to do neither". Nor would the defendant's remedy have been sufficient under a holding that he might wait until court convened and then move to set the judgment aside before appealing if the ruling should be adverse, for in the meantime execution might issue. [Under the present procedure a judgment without service might not be set aside, for in such a proceeding it is not sufficient to show that there was no record evidence of service of process, but it must also be shown that the judgment defendant had no actual notice of the proceeding against him. *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575, and related cases.]

From the Files-Robinson decision we get the definition of a valid writ in a holding where dictum enters into the discussion to such an extent that we cannot say with certainty that the court intended to lay down a general

---

[2] See note to Gantt's Digest, p. 804.

rule that the deficiencies there pointed to rendered the summons void. But in the case at bar the right of McIntosh to litigate the issues in Greene county had intervened, and the court erred in overruling the petitioner's motions to quash.

Priority in a race of diligence becomes a vexatious question when there is reasonable probability that each litigant is maneuvering to obtain trial in the county best suited to his or her convenience. Courts, however, are not concerned with motives. We are required to pronounce the meaning of legislative Acts, the reasonable inferences that arise from them, or in the absence of statutory command, then to determine from a standpoint of practical observation what the answer ought to be.

Arkansas Statutes, §§ 27-301-306, are legislative guides respecting essentials of a summons. It shall be directed to the sheriff of the county ". . . and command him to summon the defendant or defendants named therein to answer the complaint filed by the plaintiff, giving his name, at the time stated therein, under the penalty of the complaint being taken for confessed."

From the face of these writs the defendant had a right to believe that the complaints had been filed in Greene county—the only county named. Assuming that McIntosh promptly acquiesced in the course his attorneys took when they discovered the omissions, this would not necessarily be true in every case where a person had been sued, hence we do not feel at liberty to brush aside the vice complained of and say that the knowledge of the defendant should be read into the process. The writ is granted.