RHINEHARDT *v.* LIGHT, JUDGE.

5-941                                           287 S. W. 2d 463

Opinion delivered February 27, 1956.

*Rieves & Smith* and *Henry S. Wilson,* for petitioner.

*Kirsch, Cathey & Brown,* for respondent.

GEORGE ROSE SMITH, J. This is a petition for a writ of prohibition to prevent the Greene circuit court from hearing a personal injury suit that is pending in that court. The only question is whether the Greene circuit court or the Crittenden circuit court first acquired jurisdiction of the controversy. See *Healey & Roth* v. *Huie, Judge,* 220 Ark. 16, 245 S. W. 2d 813.

On November 5, 1955, a car driven by Ralph Agee, a resident of Greene county, collided in Crittenden county with a car driven by the petitioner, Booker Rhinehardt, who lives in Crittenden county. On December 3 Agee and his wife brought suit in the Greene circuit court for their injuries. The dispute centers upon the validity of the summons issued in that case. The summons was erroneously directed to the sheriff of Greene county, but it was sent by the Agees' attorneys to the sheriff of Crittenden county and was there served by a deputy sheriff of that county.

Thereafter Rhinehardt brought suit in Crittenden county for his personal injuries and obtained valid service of process upon the Agees. The Agees then filed a motion in the Greene county case asking that their summons be amended to show that it was directed to the sheriff of Crittenden county and that the amendment be held to relate back to the issuance of the writ. Rhinehardt appeared specially to resist this motion and to ask that the service upon him be quashed. The respondent denied the motion to quash and granted the Agees' request that the summons be amended with retroactive effect. This petition for prohibition was then filed by Rhinehardt.

Each party relies upon a prior decision of this court as controlling authority. The case urged by the petitioner is *McIntosh* v. *Ponder, Judge,* 222 Ark. 701, 262 S. W. 2d 277. That case, like this one, involved a competition for jurisdiction as between suits arising out of the same traffic accident. The first suit was filed in Jackson county, but the process was defective in that it failed to make any reference to the county in which the case was pending. The writ was directed to the sheriff of Greene county and

required the defendant to answer "a complaint filed against him in the Circuit Court of said county." Before any effort was made to correct the defect the defendant brought an action of his own in Greene county and obtained valid service. Upon an application for prohibition it was argued that the error in the Jackson county writ rendered the process defective but not void. This contention was rejected, the court holding that the writ could not be retrospectively corrected so as to cut off the intervening rights that had arisen from the filing of the second suit.

The respondent's principal authority is *Chicago Mill & Lbr. Co.* v. *Lamb,* 174 Ark. 258, 295 S. W. 27. That case did not involve a conflict of jurisdiction. There the suit was filed in Prairie county and the summons was directed to the sheriff of that county. But, as in the case at bar, the writ was sent to another county for service. In sustaining the trial court's refusal to quash the service we held that the mistake was a mere clerical error which could be corrected despite the defendant's objection.

There is manifestly no conflict between the two decisions that are cited. In the *Lamb* case the defect of directing the writ to the sheriff of the wrong county was regarded as a clerical error that could be retroactively amended, in spite of the intervening motion to quash. In the *McIntosh* case the total failure to identify the court which issued the writ was held to render the summons void, so that it could not be retrospectively corrected to defeat jurisdiction in the rival case filed by the defendant.

Here the petitioner, whose rights undoubtedly intervened between the issuance of the Greene county summons and its subsequent correction, relies strongly upon this sentence in the *McIntosh* opinion: "But in the case at bar the right of McIntosh to litigate the issues in Greene county had intervened, and the court erred in overruling the petitioner's motions to quash." The petitioner contends that it is the existence of an intervening right which should control the decision in each instance. This argument does not reach the heart of the contro-

versy. The mere presence of an intervening right can never in itself be decisive, for it is obvious that whether an amendment is to be permitted to relate back is completely immaterial unless a right of some kind has arisen in the meantime.

The real issue is whether the Greene county writ was void or merely defective. In our opinion it was not void. The defect in the *McIntosh* summons was far more serious than that now complained of. There the summons failed to inform the defendant in which of the seventy-five counties he had been sued. The writ was actually misleading, as it was addressed to the sheriff of Greene county and referred only to the circuit court "of said county." That summons failed to accomplish its basic purpose, for it did not tell the defendant where he was expected to present his defense.

No similar objection can be made to the summons in this case. In spite of the irregularity in its address, it accomplished every purpose that the writ is meant to achieve. The defect, characterized in the *Lamb* case as a clerical error, cannot fairly be said to have adversely affected any substantive right of the petitioner. Since the adoption of the Civil Code our practice has been liberal in permitting amendments in furtherance of justice. "The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party." Ark. Stats. 1947, § 27-1160. It would be a step backward to deny the privilege of amendment in this instance.

Writ denied.

McFADDIN, MILLWEE and WARD, JJ., dissent.