KING, ADM'R *v.* BEAN, JUDGE.

5-3622            391 S. W. 2d 24

Opinion delivered June 7, 1965.

*Jeff Mobley* and *William R. Bullock,* for appellant.

*Wright, Lindsey, Jennings & Shults* and *Gordon & Gordon,* for appellee.

SAM ROBINSON, Associate Justice. On the 10th day of October, 1964, in Pulaski County, an automobile occupied by Clayton E. King and Suzanne Seago collided with an automobile occupied by Varnold Stobaugh, Carolyn Stobaugh, Hurl D. Boyer and Margaret Boyer. King and Suzanne Seago were residents of Pulaski County; the Stobaughs and Boyers were residents of Conway

County. King died from the injuries he received in the collision.

Six days after the mishap, L. E. King, administrator of the estate of Clayton E. King, and Suzanne Seago filed separate suits in Pulaski County for damages alleged to have been caused by the collision. Both of the Stobaughs and both of the Boyers were named as defendants in each suit. The plaintiffs in each suit caused summonses to be issued for all four defendants. Summonses in each case were placed in the hands of the Sheriff of Pulaski County, and like summonses were sent by registered mail to the Sheriff of Conway County.

At the time the summonses were placed in the hands of the Sheriff of Pulaski County it was known that the defendant Varnold Stobaugh, a resident of Conway County, was confined to a hospital in Pulaski County; the Sheriff of Pulaski County was given this information. Margaret Boyer, who lived in Conway County, was also confined to the same hospital as Stobaugh in Pulaski County, but the attorney for the plaintiffs did not have that information, nor did the Sheriff of Pulaski County. The Pulaski County Sheriff served the summonses on Varnold Stobaugh that had been issued in both cases filed in Pulaski County.

On the 16th day of October, the same day suits were filed in Pulaski County, the heretofore mentioned summonses which had been issued and directed to the Sheriff of Conway County, were sent by registered mail to the sheriff of that county. The next day, October 17, an attempt was made by postal employees to deliver the registered mail containing the summonses to the Sheriff of Conway County, but the sheriff was not in his office and the postman would not leave the registered mail without the sheriff personally signing for it, but written notice to the sheriff of the registered mail was left at the sheriff's office. Again on October 21, written notice to the sheriff of the registered mail was left at the sheriff's office. The sheriff got neither notice.

The Sheriff of Conway County finally got the registered mail and served the summonses on October 28.

In the meantime, on October 19, Margaret Stobaugh and the Boyers filed suit in Conway County against L. E. King, administrator of the estate of Clayton E. King, and Suzanne Seago. On October 20, summonses were placed in the hands of the Sheriff of Pulaski County and served on that date.

The plaintiffs in the Pulaski County actions filed motions to dismiss the suits filed by Margaret Stobaugh and the Boyers in Conway County, alleging that the Pulaski Circuit Court had first acquired jurisdiction by reason of the actions having been first commenced in Pulaski County. The Conway Circuit Court overruled the motions to dismiss. King, the administrator, and Suzanne Seago, have petitioned this court for a writ of prohibition to prevent the trial of the cases in the Conway Circuit Court.

There are two points involved. First, was there a commencement of the actions within the meaning of the statute against all the defendants when summonses were placed in the hands of the Sheriff of Pulaski County? Second, was there a delivery of the summonses issued out of the Pulaski Circuit Court to the Sheriff of Conway County within the meaning of the statute when the postal employee attempted to deliver the registered mail on October 17, which was two days before the actions were filed in Conway County?

We do not need to deal with the first point, because we have reached the conclusion that there was a delivery of the Pulaski summonses to the Sheriff of Conway County within the meaning of the statute when the registered mail containing the summonses was taken to the sheriff's office by the postman on October 17.

In several cases prior to 1961 this court held that in races to obtain service the winner was the one fortunate enough to have summons actually served on his adversary before he himself was served. In some instances, the one who was first to place the summons in the hands of the sheriff was not the one who won the race for favorable venue because of a sheriff's procasti-

nation in serving the summons, or for other reasons. Of course, there is no way to compel the sheriff to serve the summons at any particular time. If the sheriff was friendly he might serve the summons immediately, but if he was not too friendly, he might require considerable time to get around to attending to the matter.

To alleviate this situation, the General Assembly of 1961 amended Ark. Stat. Ann. § 27-301 (Repl. 1962) dealing with the commencement of action, to read as follows: .

"A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon, and placed in the hands of the sheriff of the proper county or counties. If two [2] or more actions are commenced in different courts involving the same subject matter, where the venue is proper in each, then that court shall acquire jurisdiction, to the exclusion of the other, wherein a complaint was filed and a summons issued thereon, and first placed in the hands of the sheriff of the proper county or counties, irrespective of the time of service of summons. Each clerk of the court shall endorse on each complaint the exact date and time of day when the complaint was filed and a summons issued thereon and each sheriff shall endorse on each summons the exact date and time of day when the summons was placed in his hands."

Under the provisions of the foregoing statute, if the summons issued out of Pulaski County was placed in the hands of the Sheriff of Conway County before the summons issued in Conway County was placed in the hands of the Sheriff of Pulaski County, the Pulaski Court first acquired jurisdiction and the petition for prohibition should be granted.

The issue turns on the point of whether the attempt to deliver the registered mail to the Sheriff of Conway County at the sheriff's office on October 17 was placing the summonses in the hands of the sheriff within the meaning of the statute. Section 58 of the Civil Code clearly states when an action is commenced. This sec-

tion of the Code was brought forward as Section 1049 of the C. & M. Digest, Section 1251 of Pope's Digest, and it was Section 27-301 of Arkansas Statutes, until amended in 1961. Prior to the amendment, the statute read: ''When Commenced. A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon.''

In many cases, in accordance with the statute, this court held that an action was commenced when the complaint was filed, the summons issued and placed in the hands of the sheriff. *St. Louis, A & T R. Co.* v. *Shelton,* 57 Ark. 459, 21 S. W. 876; *Sims* v. *Miller,* 151 Ark. 377, 236 S. W. 828. The summons must have been delivered to the proper officer with directions to serve. *Burks* v. *Sims,* 230 Ark. 170, 321 S. W. 2d 767.

But in 1952, in the case of *Healey & Roth* v. *Huie,* 220 Ark. 16, 245 S. W. 2d 813, this court held that a suit in a transitory cause of action was not commenced until the sheriff had actually served the summons. Subsequently, Healey & Roth was followed in several cases, including *Woodruff Electric Cooperative Corp.* v. *Weis Butane Gas Co.,* 221 Ark. 686, 255 S. W. 2d 420; *Carnes, Admx.* v. *Strait, Judge,* 223 Ark. 962, 270 S. W. 2d 920; *Carpenter* v. *Baskin,* 224 Ark. 315, 273 S. W. 2d 25; *Rhinehardt* v. *Light, Judge,* 225 Ark. 1045, 287 S. W. 2d 463; *Hicks* v. *Wolfe, Judge,* 228 Ark. 406, 307 S. W. 2d 784.

The statute, however, still read that the action was commenced when the complaint was filed in the proper court and summons issued. Thus, seemingly there was a conflict between the statute and the decisions of this court. Moreover, under our decisions, regardless of how diligent a party might be in attempting to commence an action, it was within the power of the sheriff to determine when the action would be commenced.

Undoubtedly, in amending Ark. Stat. Ann. § 27-301 (Repl. 1962), it was the intention of the General Assembly to return to a litigant the power to determine when he would commence the lawsuit. If we should now

hold that the statute means the summons must be literally placed in the hands of the sheriff in a situation of this kind, we would be perpetuating the evil that the General Assembly attempted to correct. There is no surer way a litigant could get a summons to the sheriff and be able to prove the time of delivery than to send it by registered mail. Here, the petitioner did that very thing.

We hold that the summonses were placed in the hands of the sheriff, within the meaning of the statute, when the postal employee took the registered mail containing the summonses to the sheriff's office and attempted to deliver it, and upon being unable to do so, left a written notice that the registered mail was at the Post Office. It necessarily follows that petitioners' action was commenced in Pulaski County before their adversaries' action was commenced in Conway County.

Petition for Writ of Prohibition is, therefore, granted.

WARD, J., dissents.