474

JOHN BARKLEY ET AL v. RAYBURN CULLUM

5-5875                                         479 S.W. 2d 535

Opinion delivered May 1, 1972

*Shackleford & Shackleford,* for appellants.

*Guy H. Jones, Phil Stratton,* and *Guy Jones, Jr.,* for appellee.

CONLEY BYRD, Justice. This appeal by John Barkley, Jackie Bowden and Earl Gibbon Transport, Inc., from a probate court order permitting appellee Rayburn Cullum to resign as personal representative of his deceased wife's estate, arises out of a venue race. See Ark. Stat. Ann. § 27-610 and § 27-611 (Repl. 1962). The facts show that on June 30, 1971, Sandra Cullum and Jerry R. Thorne were escorts for a mobile home being towed by a tractor owned by Chandler Trailer Convoy, Inc., and driven by Edward W. Byers on U. S. Highway 167

in Calhoun County. A collision there occurred between the mobile home and the escort vehicle operated by Sandra Cullum and a tractor trailer driven by Jackie Bowden. The tractor driven by Jackie Bowden was owned by John Barkley and the trailer attached thereto was owned by Earl Gibbon Transport, Inc.

Pursuant to a petition filed on July 7, 1971, the Faulkner County Probate Court appointed Cullum administrator of his deceased wife's estate. Letters of administration were issued on July 9, 1971. The petition listed the estimated value of decedent's estate as follows:

"Real property————$ -0-
Personal property———— 100.00
Suit for wrongful death."

July 14th Earl Gibbon Transport, Inc., filed suit in Calhoun County Circuit Court against Rayburn Cullum, administrator of the Estate of Sandra Cullum, et al, and had a summons issued and placed in the hands of the Faulkner County Sheriff at 2:15 p.m. on July 14, 1971.

July 15, 1971, John Barkley and Jackie Bowden filed a suit in Phillips County Circuit Court against Rayburn Cullum administrator of the Estate of Sandra Cullum, et al, and had a summons issued and placed in the hands of the sheriff of Faulkner County on July 15, 1971.

July 16, 1971, Cullum filed a petition with the Faulkner County Probate Court requesting that he be permitted to resign on the premise that he was physically and mentally unable to perform any duties as administrator. On the same day he filed his verified account as administrator showing that no assets had come into his hands.

On July 19th, the Probate Judge, being unaware of the suits filed, entered an order accepting appellee's resignation as administrator. On the same day appellee in-

dividually and as father and next friend of four minor children filed a wrongful death action in the Faulkner Circuit Court against Earl Gibbon Transport, Inc., John Barkley and Jackie Bowden.

Thereafter Cullum, in the Calhoun and Phillips County actions, alleged that the summons were served upon him on July 22nd[1] at a time when there was no duly appointed, qualified or acting administrator of the Estate of Sandra Cullum and moved to quash the summons served.

Appellants, in response to the summons issued in the Faulkner Circuit Court action by appellee, filed motions to dismiss.

August 6, 1971, appellants petitioned the Faulkner Probate Court to set aside its July 19th order permitting appellee to resign as administrator. This appeal is from the order accepting the resignation and the order denying the petition to set aside the July 19th order. For reversal appellants contend that the order permitting appellee to resign was invalid and that good cause was shown to set aside the order. Appellees for affirmance contend that appellants are not interested parties for purposes of contesting the order permitting the resignation and that appellants are not aggrieved parties and have no standing to appeal. While we affirm the action of the trial court as being a matter within its discretion, we do not agree with appellee's contentions.

When appellants filed their actions in the Calhoun and Phillips County Circuit Courts and caused their summonses to be placed in the hands of the sheriff of Faulkner County, at a time when a duly appointed and qualified administrator was acting, the venue of their actions were fixed by Ark. Stat. Ann. § 27-301 (Repl. 1962), as being the actions first commenced, *King*

[1] The summons in the Earl Gibbon Transport, Inc., suit certifies that the sheriff served it on "the 16-22 day of July, 1971. . ." In the Phillips County suit the certificate is "I have this 15-22 day of July 1971 duly. . ." served the summons.

Adm'r. v. *Bean, Judge,* 239 Ark. 653, 391 S.W. 2d 24 1965), and they were certainly interested parties, Ark. Stat. Ann. § 62-2003 (k) (Repl. 1971), and aggrieved parties, Ark. Stat. Ann. § 62-2016 (Repl 1971), for purposes of appealing from probate court orders that affected those proceedings. However, the resignation of a personal representative is ordinarily a matter of discretion with the Probate Judge. Here the order accepting the resignation did not affect the venue fixed in the actions filed and in view of the remedy available to appellants for the appointment of a personal representative in succession, Ark. Stat. Ann. § 62-2204, (Repl. 1971), we are unable to say that the Probate Judge abused his discretion in permitting the resignation of appellee to stand.

Affirmed.