JOHN CHEESEMAN TRUCKING, INC. and John
Hofstetter *v.* Nancy Catherine PINSON,
Administratrix of the Estate of Kenneth Ray
Pinson, Deceased, et al.

92-580                                                855 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered June 28, 1993

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Bruce Munson*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Jacob Allen Sharp, Jr.*, for appellee Johnny "Bo" Dougan.

*Hardin, Jesson, Dawson & Terry*, by: *Randall L. Gammill* and *P. H. Hardin*, for appellee William Bevic.

PHILIP HICKY, II, Special Chief Justice. This is a wrongful death case. The issues to be decided in connection with this appeal are:

> (A) Whether there was a determination as to the issue of liability as between the appellants and the appellees in a previously decided Pulaski County Circuit Court case involving the same parties and the same accident; and,

> (B) If the foregoing issue of liability was determined, is the determination of liability in the previously decided case in the Pulaski County Circuit Court preclusive of the issue of liability in this case appealed from the Lonoke County Circuit Court.

The trial judge held that the issue of liability as between the appellants and appellees had been decided in the Pulaski County

Circuit Court case and that the decision on that issue in the Pulaski County Circuit Court precluded a retrial of that issue in the Lonoke County Circuit Court and that the parties were bound by the determination as to the issue of liability in the Pulaski County Circuit Court. We affirm the decision of the lower court.

A multi-vehicle accident occurred about 11:45 p.m., on June 8, 1988, on Interstate 40, east of North Little Rock. Eleven vehicles were involved in the accident. Some of the persons involved in the accident were fatally injured and others received personal injuries. The accident occurred at a time when heavy smoke was blowing across Interstate 40 as a result of a fire burning on land adjacent to the travelled portion of Interstate 40.

On June 15th, 1988, appellee Pinson, filed a wrongful death action in the Lonoke County Circuit Court (the "Lonoke County action") for the death of her husband, Kenneth Ray Pinson, who was killed in the multi-vehicle accident in issue. Subsequent to the filing of the Lonoke County action by appellee Pinson, David Newman and others filed actions in the Pulaski County Circuit Court for recovery of damages arising from the same accident. The Pulaski County actions were consolidated for purposes of a trial into one cause of action (the "Pulaski County action").

All parties involved in the accident, including appellee Pinson, eventually were either named as plaintiffs, defendants, or third-party defendants in the Pulaski County action. Appellee Pinson was named as a defendant in the Pulaski County action; however, appellee Pinson's claim for damages remained in the Lonoke County action. All parties to the Lonoke County action were also parties to the Pulaski County action.

The issues of liability and damages were bifurcated in both the Pulaski County action and the Lonoke County action. The issue of liability in the Pulaski County action proceeded to trial first. At the conclusion of a lengthy trial on the issue of liability in the Pulaski County action, the case was submitted to the jury on special interrogatories.

In the Pulaski County action, interrogatories in the following form, as to each party, were submitted to the jury:

Do you find from a preponderance of the evidence that there was negligence on the part of (name of party) which

was a proximate cause of the damage to any party?

The jury found that only John Hofstetter, the driver for Cheeseman Trucking, Inc., (hereinafter "appellants") and Morgan Clay, the driver for Sunbelt Transport/Mallinckrodt, Inc. (hereinafter "Sunbelt Transportation") were guilty of negligence that was a proximate cause of the damage to any other party. The jury responded "No" as to the fault of all other parties, including Kenneth Ray Pinson. In subsequent interrogatories, the jury apportioned fault for the occurrence at 50% for appellants and 50% for Sunbelt Transportation. A judgment was entered in the Pulaski County action on these verdicts in February of 1990.

The appellants and Sunbelt Transportation appealed the bifurcated judgment as to liability in the Pulaski County action. In 1991, this court dismissed the appeal for the reason that the judgment was not a final appealable judgment because damages had not been adjudicated. *John Cheeseman Trucking, Inc.* v. *Dougan*, 305 Ark. 49, 805 S.W.2d 69 (1991). A judgment for damages was subsequently entered in the Pulaski County action. The Pulaski County action was appealed to this court and affirmed. *John Cheeseman Trucking, Inc.* v. *Newman*, 313 Ark. 229, 853 S.W.2d 278 (1993).

After the judgment was entered in the Pulaski County action, motions for summary judgment were filed in the Lonoke County action by the appellees on the grounds of *res judicata* and collateral estoppel. The Lonoke County Circuit Court granted summary judgment against appellants and Sunbelt Transportation as to the issue of liability in connection with appellee Pinson's claim and dismissed all claims against all other parties. Sunbelt Transportation subsequently settled with all parties and was dismissed from both the Pulaski County action and the Lonoke County action. The appellants consented to $400,000.00 in damages for appellee Pinson in the Lonoke County action and now takes this appeal.

The concept of *res judicata* has two facets. One being issue preclusion and the other being claim preclusion. Issues in connection with this appeal are governed by the issue preclusion facet of the concept of *res judicata*. Claim preclusion forecloses further litigation on a cause of action. *Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985). Issue

preclusion precludes further litigation in connection with a certain issue. Issue preclusion is limited to those matters previously at issue, which were directly and necessarily adjudicated. *Smith* v. *Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985).

The Restatement (Second) of Judgments § 27 (1982) provides:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

When the foregoing general rule of the Restatement (Second) of Judgments on issue preclusion is analyzed and applied to this case, the case must be affirmed.

First, is the issue thought to be precluded the same as the issue involved in the prior litigation? Clearly, it is. The issue of liability as among the parties had to be tried in the Pulaski County action. All parties in the Pulaski County action were also parties in the Lonoke County action. The issue as to liability in connection with each party to the Pulaski County action was submitted to the jury by separate interrogatory.

Second, was the issue of liability actually litigated in the Pulaski County action? The issue of liability was actually litigated in the Pulaski County action and was submitted for determination to the jury and was determined by the jury's responses to the interrogatories. In the bifurcated trial on the issue of liability in the Pulaski County action, the parties were represented by attorneys in a lengthy trial wherein the issue of liability in connection with the accident in question was heavily contested and actually litigated. All parties prosecuted, or defended, on the issue of liability.

Third, was the issue determined by a valid and final judgment? At the time the Lonoke County Circuit Court granted summary judgment in this case, the Pulaski County action was on appeal to this court; however, the Lonoke County Circuit Court was correct in relying upon the judgment in the Pulaski County action, even though the Pulaski County action was on appeal to this court at the time the Lonoke County Circuit Court granted

summary judgment in this cause of action because the pending appeal of the Pulaski County action did not affect the finality of the judgment for purposes of issue preclusion. Arkansas follows the majority rule that a judgment is final for purposes of issue preclusion, despite a pending appeal for a review of the judgment, unless the appeal actually consists of a trial *de novo*. *Boynton* v. *Chicago Mill and Lumber Co.*, 84 Ark. 203, 105 S.W. 77 (1907). *See also* Restatement (Second) of Judgments § 13. In today's complex litigation involving multiple parties arising from one occurrence, it makes no sense to re-litigate the same issue between the same parties with the possibility of inconsistent results. Once an issue has been litigated in a fair forum, the results should be binding. In addition, this court did on May 17, 1993, affirm the Pulaski County action. *John Cheeseman Trucking, Inc.* v. *Newman*, 313 Ark. 229, 853 S.W.2d 278 (1993).

Fourth, was the determination of liability essential to the Pulaski County judgment? The answer to that question is clearly yes. There was no way to reach a decision in the Pulaski County action without making a determination as to the issue of liability among the parties.

The appellants rely upon *East Texas Motor Freight Lines, Inc.* v. *Freeman*, 289 Ark. 539, 713 S.W.2d 456 (1986). That case is distinguishable upon its facts. In the *East Texas Motor Freight* case, there were parties to the second suit which had not been parties to the first suit. In the case at bar, all parties in the Lonoke County action were also parties in the Pulaski County action. The plaintiffs in the second *East Texas Motor Freight* case wanted to be included in the first *East Texas Motor Freight* case, but they were excluded by the federal court. The issue of liability and damages were not bifurcated in the *East Texas Motor Freight* case. The appellee in this case was the first party to commence litigation in connection with the occurrence in issue. She chose Lonoke County as the venue for her cause of action. Arkansas Rules of Civil Procedure, Rule 13 provides that a pleading shall state as a counterclaim any claim which, at the time of the filing of the pleading, the pleader has against the opposing party, if it arises out of the same transaction and occurrence that is the subject matter of the opposing party's claim, but the pleader need not state the claim if, at the time the action was commenced, the claim was the subject of another

pending action. Appellee Pinson chose not to file a counterclaim in the Pulaski County action, even though she was joined as a party defendant, which did require her to submit to the Pulaski County cause of action for purposes of determining the issue of liability. Appellee Pinson participated in the trial on the issue of liability in the Pulaski County action and won on that issue and she should not under the facts in this case be required to try that issue again. Likewise, had appellee Pinson lost on the issue of liability in the Pulaski County action, she would have been bound by the finding on that issue in the Lonoke County action.

■ No genuine issues of material fact with respect to the appellants' liability to appellee Pinson exist as a result of the Pulaski County judgment. Therefore, summary judgment on behalf of the appellee Pinson as to the issue of liability in Lonoke County action was proper.

Affirmed.

Special Justice C.C. GIBSON, III, concurs.

Special Justice BEN CORE dissents.

HOLT, C.J., NEWBERN and GLAZE, JJ., not participating.

C.C. GIBSON, III, Special Justice, concurring. I am satisfied that the issue of liability in this case was actually litigated between the parties in the previous Pulaski County action and that the determination of the Pulaski County jury relative thereto was essential to the judgment in that case. In view of the Pulaski County judgment having been affirmed by this court on appeal I agree that the trial court action in this case should be affirmed. I do, however, have serious concerns about the statements in the majority opinion that appear to give blanket approval to the use of lower court rulings and judgments not yet tested on appeal for collateral estoppel purposes.

The Restatement (Second) of Judgments § 27 (1982) states that the issue to be precluded by collateral estoppel must be determined by a "valid and final judgment" before application of the doctrine is appropriate. The terminology of this rule has been adopted by our court, David Newbern, *Arkansas Civil Practice and Procedure* § 26-13 (2d ed. 1993), and is in accord with our decisions in this area of the law. *E.g., Fisher* v. *Jones*, 311 Ark.

450, 455, 844 S.W.2d 954, 957 (1993).

Notwithstanding the "valid and final judgment" requirement, the Restatement as a general proposition supports the use of collateral estoppel even when such is based on a trial court ruling still subject to post-ruling motions and which are not even final enough for an appeal. *See* Restatement (Second) of Judgments § 13 cmts. f and g, and illus. 3 (1982). It does not take much imagination to see the possibility of inconsistent results between the outcome in the first proceeding and the second, a thing which, if it occurs, subjects our courts and our system of justice to public ridicule, particularly if the inconsistency is egregious.

The Restatement attempts to address this problem by saying such things as "the court should determine that the decision to be carried over was adequately deliberated and firm" and that "preclusion should be refused if the decision was avowedly tentative." *Id.* cmt. g. The Restatement seems to be saying that a court should take a look at all the circumstances surrounding the matter of finality before applying the estoppel.

The Restatement also offers relief from the inconsistent result dilemma by opining that a judgment based on the earlier judgment subsequently overturned could be set aside and proper provision made for restitution. *See id.* § 16. There are, however, situations when such would be very poor solace to an estopped litigant who has involuntarily paid a judgment. What if the recipient of a satisfaction of judgment has spent the money and is incapable of making restitution? In such a situation the Restatement remedy may be likened to the closing of the proverbial barn door after the cow has been loosed.

It is my opinion that in addition to all other existing circumstances a trial court should consider the danger of irreparable harm to the litigants in applying collateral estoppel based on another trial court's judgment that is still subject to reversal on appeal, particularly in cases like this which involve claims for substantial money damages. A trial court should have the discretion to delay proceedings pending the finality of another trial court's judgment being tested on appeal. I realize that such a delay could work somewhat to the detriment persons such as appellee Pinson in this case, but it was, after all, she who refused

to present her damage claim in the Pulaski County action and insisted on having same heard in her home county. This is a strategy she decided to follow, a strategy which has obvious benefits and which has certain drawbacks such as the possibility of delay.

BEN CORE, Special Justice, dissenting. This appeal from Lonoke Circuit Court raises the question of what effect if any does a trial previously conducted in Pulaski Circuit Court have on the lawsuit pending in Lonoke Circuit Court. Two of the parties in the Lonoke County case who were also parties in the Pulaski County case (John Cheeseman Trucking, Inc. and John Hofstetter) contend that the Pulaski County case did not afford to the parties in the Lonoke County case a trial on the issue as to whether any among the several parties in the Lonoke County case is or are responsible to the Pinson plaintiffs for their damages and if so who and to what degree.

The Pinson plaintiffs specifically withheld their claim for damages from the Pulaski County Circuit Court. The Lonoke County Circuit Court has ruled that nevertheless the issue of liability on the Pinson claims was adjudicated and determined in the Pulaski County proceeding.

I respectfully disagree with the majority. This appeal does not present a question of *res judicata*. This appeal does not present a question of collateral estoppel.

This appeal presents a question of what issues were tried and adjudicated in the lawsuit in Pulaski County and what issues were specifically reserved from trial and adjudication in the lawsuit in Pulaski County. This will be referred to as the procedural question.

The legal question involved is the power and authority of the Pulaski County Circuit Court to separate the issues into two categories and to designate one category of issues for trial in the lawsuit in Pulaski County and to designate the other category of issues to be reserved and withheld from trial in the Pulaski County lawsuit, and then to proceed to adjudicate those designated for trial in the Pulaski County lawsuit without also adjudicating those reserved from trial in the Pulaski County lawsuit. This will be referred to as the legal question.

The procedural question is initiated by an order of the Pulaski County Circuit Court which it made in ruling upon a motion made by Pinson in the Pulaski County suit. The paragraph numbered one in that order reads:

> 1. On September 13, 1989, Pinson moved for dismissal of this action pursuant to Arkansas Rule of Civil Procedure 12(b)(8) on the grounds that another action between the same parties arising out of the same transaction or occurrence was pending.

After then reciting some of the procedural history whereby the first lawsuit was filed June 15, 1988, in Lonoke County followed by the filing of the first Pulaski County lawsuit on December 16, 1988, and a second one in Pulaski County on February 14, 1989, and still a third one in Pulaski County also on February 14, 1989, and an order consolidating the three Pulaski County actions on August 8, 1989, and after naming the 13 individuals and companies who were named party defendants in the Lonoke County action, the order reads:

> The Court recognizes that Pinson is entitled to assert her cause of action for damages in a proper venue of her choice. Likewise, the Court recognizes that the other parties hereto are entitled to assert their causes of action for damage in a proper venue of their choice.

The court then proceeded to make a distinction between two types of claims. One type was described as "direct causes of action for damages." The other type of claim was described as: "claims for contribution and indemnity by alleged joint tortfeasor."

The court stated that Pinson's motion asserted the Rule 12(h)(8), ARCP, defense against both types of claims.

The court then cited ARCP Rule 13(a) as applying to all direct claims having the effect of requiring all of the defendants, when sued in the Lonoke County action, to assert all of their direct claims against Pinson in that action. The result was that such defendants could not assert such "direct" claims against Pinson in the Pulaski County action. All direct claims of Pinson against such defendants, and all direct claims of such defendants against Pinson, were excluded from the Pulaski County lawsuit. The order reads in part:

Accordingly, the Court HEREBY ORDERS that these claims for damages against Pinson be, and they hereby are, dismissed without prejudice.

The court then dealt with the "claims for contribution and indemnity by alleged joint tortfeasors." The court cited the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-201 (1987) *et seq.*, stating:

This act allows a Defendant to maintain a claim for contribution or indemnity against a joint tortfeasor in the same action in which that Defendant is being sued on a direct claim for damages by another party. Ark. Code Ann. § 16-61-207. Consequently, claims in this action against Pinson for contribution and indemnity relate to claims being asserted by other parties, and are not subject to Rule 12(b)(8).

The court then ruled, in paragraph number 13 of the order as follows:

13. Accordingly, the Court HEREBY ORDERS that all claims against Pinson for contribution and indemnity shall remain in this action [the Pulaski County action].

The procedural question is thus answered. All direct claims for damages by and against Pinson were excluded from the Pulaski County action. All contribution and indemnity claims were retained in the Pulaski County action.

Next, the legal question, does the Pulaski County Circuit Court have the power and authority to do that? To answer that question we look to Arkansas Code Annotated and also to the Rules of the Arkansas Supreme Court.

Arkansas Code Annotated § 16-60-112(a) (1987) provides that the venue for wrongful death actions is in either one of two counties: (1) where the accident occurred or (2) where the person injured or killed resided at the time of injury. Where suits are filed on the same cause in more than one county having venue, the one first acquiring service of summons on the adverse party has the right to continue in that county. *Talley* v. *Morphis*, 232 Ark. 91, 334 S.W.2d 652 (1960).

Thus, Pinson, having filed suit first and obtained service of

summons, fixed venue of all of her direct claims for her damages in Lonoke County. Subsequent filings by other parties in other counties and their naming of her as a defendant in those lawsuits could not force her out of Lonoke County.

Rule 12(b)(8), Arkansas Rules of Civil Procedure, cited and relied upon by Pulaski Circuit Court, was promulgated by this court. It provides in pertinent part:

(b) Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion: . . . (8) pendency of another action between the same parties arising out of the same transaction or occurrence.

Thus, by reason of ARCP Rule 12(b), when Pinson fixed venue of her claim against the named parties in Lonoke County she likewise fixed venue in that county of all of the direct claims of those parties against her. *Barkley* v. *Cullum*, 252 Ark. 474, 479 S.W.2d 535 (1972).

What has confused the issue in this case has been the distinction made by the Pulaski Circuit Court between direct claims which it ruled were controlled by ARCP Rule 12(b)(8) and contribution and indemnity claims which it ruled were not controlled by ARCP Rule 12(b)(8) but rather that the same were controlled by Ark. Code Ann. § 16-61-207 (1987). But such a distinction overlooks a very significant reality, which is that in order to resolve the relative responsibilities of parties on the questions of contribution and indemnity some of the same questions must be answered as when dealing with direct claims. Many are identical. Who failed to meet the standard of care required? Whose failures contributed to cause the injuries? If more than one party was negligent and the negligence of more than one party caused the injuries, how do they compare?

Obviously one is submitting many of the very same questions to the jury in one of the trials as will have to be submitted in another trial. Thus the real question is whether the Pulaski Circuit Court can proceed to adjudicate any claims at all which

are being made by parties in the Pulaski County action who are also parties to the Lonoke County action when the suit in Pulaski County was filed subsequently to the Lonoke County suit.

Looking at Ark. Code Ann. § 16-61-207, which was relied upon by the Pulaski County Circuit Court in excluding from the effect of ARCP Rule 13(a) claims for contribution and indemnity, it is apparent that § 16-61-207 does not make it mandatory for a defendant to bring in a third party defendant. The language is that such defendant "may" bring in "a person not a party to the action who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of the plaintiff's claim against him."

Thus, it would appear that the Circuit Court of Pulaski County was in error in proceeding to adjudicate any of the claims, those for contribution and indemnity as well as direct claims for damages. All claims of all parties to the Lonoke County lawsuit should have been dismissed out of Pulaski Circuit Court.

The motion on which the rulings of the Pulaski Circuit Court were made was made by Pinson but once the issue was before the court it should have ruled correctly for all parties. The trial in Pulaski County Circuit Court should be counted as a nullity insofar as this proceeding in Lonoke County is concerned. Since the rulings in the Lonoke County action not only gave effect to the Pulaski County proceeding as far as the claims of contribution and indemnity were concerned, but also as *res judicata* and controlling on the "direct claims" as well, it follows that such ruling should be reversed and the case set back for trial in Lonoke County on all claims made in the pleadings, whether direct, for contribution or indemnity.