**In re Joe and Dorothy WHITE, Debtors.**

**Joe and Dorothy White, Plaintiffs,**

**v.**

**Ouachita County Office of Child Support Enforcement Unit, Defendant.**

**Bankruptcy No. 99–11777M. Adversary No. 00–1502.**

United States Bankruptcy Court, W.D. Arkansas, El Dorado Division.

Sept. 13, 2000.

Henry Kinslow, El Dorado, AR, for debtors.

Andrew W. Best, Camden, AR, for defendant.

*MEMORANDUM OPINION*

JAMES G. MIXON, Bankruptcy Judge.

On December 13, 1999, Joe A. White and Dorothy J. White ("Debtors") filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. On January 31, 2000, the Debtors filed a complaint against the State of Arkansas. Ouachita County Office of Child Support Enforcement Unit ("State") to determine the dischargeability of a debt owed by Joe White pursuant to 11 U.S.C. § 523(a)(5). The Debtors also requested a declaratory judgment and an order directing the recovery of funds previously paid by the Debtors to the State in accordance with a chancery court order.

The State filed a timely answer, and the Debtors then filed a motion for summary judgment. The State's response, which the Court will treat as a cross motion for summary judgment, agreed with the Debtors that the issue was one of law that was ripe for determination. After a hearing on the motion on June 27, 2000, the Court took the matter under advisement.

This is a core proceeding pursuant to 28 U.S.C. § 157(I) (1994), and the Court has jurisdiction to enter a final judgment in this case. The following shall constitute the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

*FACTS*

The facts in this case are not in dispute. Following a paternity proceeding, the Chancery Court of Ouachita County, Arkansas, on July 22, 1993, ordered the Debtor, Joe White, to pay $30.00 per week as child support for two minor children. DNA tests performed January 16, 1996, excluded the Debtor as the father of the minor children. On December 5, 1996, the Chancery Court of Ouachita County, Arkansas, entered a judgment abating child support as of February 22, 1996. In its December 5, 1996 Order, the chancery court also determined that the Debtor

owed the State of Arkansas, Office of Child Support Enforcement, the amount of $8,437.50 for child support arrearage due under the court's July 22, 1993 order. There is no other relevant evidence in the record.

## DISCUSSION

The Bankruptcy Code provides that a debtor is not discharged from any debt owed to a child of the debtor for support incurred in connection with an order of a court or record. 11 U.S.C. § 523(a)(5) (1994). Bankruptcy law determines whether the particular debt is in the nature of support. *Madden v. Staggs (In re Staggs)*, 203 B.R. 712, 717 (Bankr. W.D.Mo.1996) (quoting *In re Williams*, 703 F.2d 1055, 1056 (8th Cir.1983)).

The Debtor argues that because the Order of December 5, 1996, determined that he is not the father of the minor children in question, the obligation to the State cannot be properly determined to be a debt in the nature of support of the Debtor's child. The Debtor contends, therefore, that the debt to the State is dischargeable and that 11 U.S.C. § 523(a)(5) is not applicable.

The State argues that the debt is in the nature of support, and under state law the debt is a valid claim notwithstanding the fact that the Debtor's paternity was originally determined in error.

Both parties agree the issue is one of law that is ripe for summary judgment. In accordance with Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, . . . admissions . . . [and] affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56. See also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192, 195 (6th Cir. 1996).

In arguing for summary judgment, both parties support their positions by employing the chancery court judgment abating child support but holding the Debtor responsible for the child support arrearage that had accrued prior to the DNA test results. With regard to that judgment, this Court is bound by the law that state court judgments are entitled to "the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738 (1994). The full faith and credit provision is applicable in dischargeability proceedings when certain issues relative to a determination by the bankruptcy court have already been decided by a state court judgment. *Pope v. Wagner (In re Pope)*, 209 B.R. 1015, 1018 (Bankr.N.D.Ga. 1997) (citing *Aerojet–General Corp. v. Askew*, 511 F.2d 710, 721 n. 11 (5th Cir. 1975)).

Generally, the principle of collateral estoppel bars the relitigation of factual or legal issues in a bankruptcy proceeding if they were previously determined in a state court action. *Grogan v. Garner*, 498 U.S. 279, 284–85 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir.1991) (citing *Grogan*, 498 U.S. at 284–85 n. 11, 111 S.Ct. 654). In determining the collateral estoppel effect of a state court judgment in a subsequent bankruptcy proceeding, this Court is bound by the full faith and credit requirement to refer "to the preclusion law of the state in which the judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Meyer v. Asbury (In re Asbury)*, 195 B.R. 412, 415 (Bankr. E.D.Mo.1996) (quoting *Marrese*, 470 U.S. at 380, 105 S.Ct. 1327). Thus, the Court will determine the effect of the chancery court judgment based on the principles of

collateral estoppel developed under Arkansas case law.

 Collateral estoppel, or issue preclusion, bars relitigation of issues of law or fact if four elements are met: (1) the issue to be precluded must be the same as that in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment, and (4) the determination must have been essential to the judgment. *Crockett & Brown, P.A., v. Wilson,* 314 Ark. 578, 581, 864 S.W.2d 244, 246 (1993) (*citing Fisher v. Jones,* 311 Ark. 450, 844 S.W.2d 954 (1993)); *John Cheeseman Trucking, Inc. v. Pinson,* 313 Ark. 632, 635–36, 855 S.W.2d 941, 943 (1993) (citing *Smith v. Roane,* 284 Ark. 568, 683 S.W.2d 935 (1985)).

The issue of the Debtor's paternity was actually litigated in the prior state court proceeding and is the same issue before this Court. After DNA tests, the chancery court, in a valid and final judgment, determined the Debtor was not the father of the two children. The issue of paternity was essential to the chancery court's decision to abate child support.

It is true that the chancery court, interpreting state law,[1] held the Debtor liable for unpaid support accruing before February 22, 1996, notwithstanding that the Debtor was determined not to be the biological father of the children. While the State may have a valid claim for an arrearage, it is also true, based on the chancellor's ruling, that the Debtor is not the father of the children. Under the Bankruptcy Code, the debt is nondischargeable only if it is for support of "a child of the debtor...." 11 U.S.C. § 523(a)(5) (1994). Therefore, the debt is dischargeable because, even though it is an obligation in the nature of support, it is not for the Debtor's children.

Judgment will be entered finding that the debt in question is a dischargeable debt. The Court lacks jurisdiction to order the requested recovery of child support previously paid in accordance with the chancery court order.

IT IS SO ORDERED.

---

1. See *Littles v. Flemings,* 333 Ark. 476, 480–81, 970 S.W.2d 259, 262 (1998) (holding that plaintiff who was erroneously adjudicated to be the father of a child was nevertheless liable for accrued unpaid child support due the child).