Judy BEAVER and Jimmy Beaver *v.* JOHN Q. HAMMONS
HOTELS, L.P.; John Q. Hammons Hotels, Inc.

03–470 138 S.W.3d 664

Supreme Court of Arkansas
Opinion delivered December 11, 2003

*Daily & Woods, P.L.L.C.*, by: *Jerry L. Canfield*, for appellants.

*Jones & Harper*, by: *Niki T. Cung* and *Charles R. Garner, Jr.*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This appeal arises from an accident in which Appellant Judy Beaver was allegedly

injured when she slipped on a wet floor at a restaurant in a hotel owned by Appellees John Q. Hammons Hotels, L.P., and John Q. Hammons Hotels, Inc. (collectively, the Hotel). The trial court determined that Ms. Beaver was collaterally estopped from bringing her claim and granted summary judgment in favor of the Hotel. On appeal, Ms. Beaver contends that she was not collaterally estopped from bringing her claim and the trial court erred in granting summary judgment. We agree that summary judgment was not appropriate; therefore, we reverse and remand.

The facts that led up to this case are as follows. On April 28, 1997, Ms. Beaver was in Fort Smith, Arkansas, attending a work-related seminar as required by her employer, the Benton County Child Support Enforcement Unit. The seminar was held at the Holiday Inn Convention Center, which was owned by the appellees. While on her lunch break, Ms. Beaver slipped and fell on a wet floor at the buffet in the Hotel's restaurant. As a result of the fall, she twisted her back and injured her knee. Her physicians later determined that Ms. Beaver herniated a disc in the fall. Ms. Beaver filed a workers' compensation claim against her employer, and the administrative law judge determined that the injury occurred "at work" and that she had sustained an injury that entitled her to temporary total disability benefits.

The Benton County Child Support Enforcement Unit appealed to the Arkansas Workers' Compensation Commission, which reversed the ALJ on two grounds: (1) Ms. Beaver was not performing employment services at the time of the fall; and (2) Ms. Beaver had not proven that the fall caused her injuries because she waited over a month after the fall before seeking medical treatment. Ms. Beaver appealed the Commission's decision to the Arkansas Court of Appeals, challenging both of the Commission's rulings. The court of appeals affirmed the Commission on the first issue, holding that Ms. Beaver was not performing employment services at the time she was injured because she was on a lunch break. *See Beaver v. Benton County Child Supp. Unit*, 66 Ark. App. 153, 991 S.W.2d 618 (1999). However, because it affirmed on the first issue, the court of appeals specifically declined to address the second issue on appeal regarding proof of causation of her injury. *Id.*

After the court of appeals affirmed the Commission, Ms. Beaver filed a personal-injury claim against the Hotel in which she asserted negligence in the slip-and-fall incident. The Hotel moved

for summary judgment, contending that Ms. Beaver's claims were barred by collateral estoppel because the Commission's decision conclusively determined she had not proven her injuries were caused in the slip-and-fall incident. The trial court agreed and granted summary judgment to the Hotel, citing as its authority *Brown v. Dow Chemical Co.*, 875 F.2d 197 (8th Cir. 1989).

Ms. Beaver appealed to the Arkansas Court of Appeals, asserting that the personal-injury claim was not collaterally estopped because the court of appeals had not reached the issue of causation when it affirmed the Commission's decision. Noting that this was an issue of first impression, the court of appeals agreed with Ms. Beaver and reversed the summary judgment, holding that where an appellate court sustains one of two alternative determinations of the trial court and refuses to reach the other, the judgment is conclusive only as to the first determination. *See Beaver v. John Q. Hammons Hotels, Inc.*, 81 Ark. App. 413, 102 S.W.3d 903 (2003).

This case is before us on the Hotel's petition for review from the Arkansas Court of Appeals; therefore, we have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(e). When we grant review following a decision by the court of appeals, we review the case as though it was originally filed with this court. *Edens v. Superior Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001); *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001). Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Laird v. Shelnut*, 348 Ark. 632, 74 S.W.3d 206 (2002). The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. *Id.; Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

Relying on *Brown v. Dow Chemical Co.*, 875 F.2d 197 (8th Cir. 1989), the trial court applied collateral estoppel to the issue of whether the fall caused Ms. Beaver's injury. With the causation issue thus precluded, the Hotel was entitled to judgment as a matter of law because Ms. Beaver could not possibly prove her negligence claim if she could not prove the causal connection between the fall and the injury. The trial court's reliance on *Brown*

*v. Dow Chemical* was misplaced, however, because while that case involved a similar situation, it is distinguishable from the case at bar.

In *Brown v. Dow Chemical*, the Workers' Compensation Commission denied Brown's claim for benefits. The *only* basis for the Commission's decision was that Brown had failed to prove his injuries were caused by the chemicals with which he worked on the job, and the Arkansas Court of Appeals affirmed the decision on that one ground. Therefore, when Brown brought a products-liability suit against the chemical manufacturer, Dow Chemical, the federal district court granted summary judgment to Dow Chemical by applying collateral estoppel. The Eighth Circuit then affirmed the district court, holding that the Commission's finding that Brown had not proved the chemicals injured him was final and determinative for purposes of collateral estoppel on the causation issue. Because the Eighth Circuit's decision in *Brown* was based on only one ground that was affirmed, it is inapposite. Here, the Commission's decision rested on two alternative, independent grounds, and the court of appeals affirmed solely on the ground not at issue in this case.

■■ The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues of law or fact actually litigated by the parties in the first suit, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that issue was essential to the judgment. *Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999). Arkansas law provides that the following elements must be present in order to establish collateral estoppel: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to the judgment. *See Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999); *Fisher v. Jones*, 311 Ark. 450, 844 S.W.2d 954 (1993).

Ms. Beaver asserts that the fourth element of collateral estoppel, the issue to be precluded must have been essential to the judgment, was not met in her case. She asserts that the second point on which the Commission based its decision, failure to prove causation of her injury, could not have been essential to the Commission's judgment because (1) failure to prove causation was not the only basis for the Commission's decision, and (2) the court

of appeals declined to address the issue of causation when it affirmed the Commission's decision.

The Hotel counters by citing *John Cheeseman Trucking Co. v. Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993), a case in which a determination of liability in one case caused the issue of liability to be collaterally estopped in a second case involving most of the same parties. In *Pinson*, a multi-vehicle accident resulted in two lawsuits, one in Lonoke County in which Pinson was a plaintiff suing the other people involved in the accident, and a second lawsuit in Pulaski County in which another accident victim was the plaintiff and Pinson was one of the defendants. *Id.* The Pulaski County suit came to trial first, and a jury found two truck drivers were liable for the accident, and evenly apportioned fault between the two. All the other defendants, including Pinson, were found faultless. Therefore, when Pinson's Lonoke County suit came to trial, the Lonoke County court applied the doctrine of collateral estoppel to the issue of liability, dismissing all the defendants except the two truck drivers who had been found liable in the earlier suit and finding those two drivers liable as a matter of law. *Id.* We affirmed the trial court, holding that the determination of liability was essential to the Pulaski County judgment; therefore, the issue of liability was precluded from further litigation. *Id.*

The Hotel, citing our decision in *Pinson*, asserts that a determination of liability or compensability was essential to the issues before the Commission and, because proof of a causal connection is an issue in virtually every claim involving compensability of injury, the causal connection is *itself* essential. This argument is a non sequitur. Causation is an element of liability and only becomes essential if liability is found, as was the case in *Pinson*. In other words, when the ALJ awarded benefits to Ms. Beaver, both issues — performance of employment services *and* causation — were essential to the ALJ's finding of liability. Therefore, if the Commission had *affirmed* the ALJ's award of benefits to Ms. Beaver, both of these elements, or issues, would have been essential to that judgment; for without either, the issue of liability would not have been proven and the judgment would not have been able to stand.

In this case, the Commission *reversed* the ALJ's award of benefits, and the Commission's decision appropriately rested on *either* of the two grounds. Put another way, the judgment of the

Commission could stand without relying on the issue of causation because the absence of employment duties was enough to reverse the ALJ. Because the reversal by the Commission could rest on either ground, neither can be said to have been *essential* to the Commission's decision.

This analysis is borne out by Section 27 of the Restatement (Second) of Judgments, entitled "Issue Preclusion," which states,

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claims.

*Restatement (Second) of Judgments*, § 27 (1981). Furthermore, the comments to Section 27 state in pertinent part:

> *i.Alternative determinations by court of first instance.* If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment *is not conclusive* with respect to either issue standing alone.

> It might be argued that the judgment should be conclusive with respect to both issues. The matter has presumably been fully litigated and fairly decided; the determination does support, and is in itself sufficient to support, the judgment for the prevailing party; and the losing party is in a position to seek reversal of the determination from an appellate court. Moreover, a party who would otherwise urge several matters in support of a particular result may be deterred from doing so if a judgment resting on alternative determinations does not effectively preclude relitigation of particular issues.

> There are, however, persuasive reasons for analogizing the case to that of the nonessential determination discussed in Comment h [of Section 27]. First a determination in the alternative may not have been as carefully or rigorously considered as it would have if it had been necessary to the result, and in that sense it has some of the characteristics of dicta. Second, and of critical importance, the losing party, although entitled to appeal from both determinations, might be dissuaded from doing so because of the likelihood that at least one of them would be upheld and the other not even reached. If he were to appeal solely for the purpose of avoiding the application of

the rule of issue preclusion, then the rule might be responsible for increasing the burdens of litigation on the parties and the courts rather than lightening those burdens. Compare Comment o, dealing with the effect of an appellate decision based on alternative determinations.

There may be cases where, despite these considerations, the balance tips in favor of preclusion because of the fullness with which the issue was litigated and decided in the first action. But since the question of preclusion will almost always be a close one if each case is to rest on its own particular facts, it is in the interest of predictability and simplicity for the result of nonpreclusion to be uniform. . . .

o. *Effect of an appeal.* If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court (or by the court of first instance in pursuance of the mandate of the appellate court) this latter judgment is conclusive between the parties.

If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. In contrast to the case discussed in Comment i, the losing party has here obtained an appellate decision on the issue, and thus the balance weighs in favor of preclusion.

If the appellate court upholds one of these determinations as sufficient but not the other, and accordingly affirms the judgment, the judgment is conclusive as to the first determination.

*If the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination.*

*Restatement (Second) of Judgments,* § 27, cmts. *i* & *o* (1981) (emphasis added).

Following the reasoning of comment *i*, the alternative determinations by the Commission would not have been precluded by collateral estoppel if unappealed. Once those determinations were appealed, comment *o* became the applicable reasoning urged by Section 27. Comment *o* clearly illustrates that in a

case such as the one at bar, where an affirmance upholds one of the alternative, independent grounds, and the other ground is not reached, collateral estoppel precludes from further litigation the ground upheld by the appellate court, but does not preclude the other ground. Applying comment *o*, we see that the issue of whether or not Ms. Beaver was engaged in employment duties at the time of her fall is precluded; however, the issue of causation is not precluded because the court of appeals did not reach that issue.

While the Restatement (Second) of Judgments has not been adopted *per se* by this court, we have relied on Section 27 in several instances. *See Goston v. Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995) (using Sections 18 and 27 of the Restatement to explain the differences between claim preclusion and issue preclusion); *John Cheeseman Trucking, Inc. v. Pinson, supra* (using Section 27 as the basis for our analysis of whether the issue of liability was precluded in a second lawsuit); *Smith v. Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985) (relying on language in Section 27, comment *j*, for analysis of issue preclusion). In addition, authorities such as Wright, Miller & Cooper's *Federal Practice and Procedure* agree with comment *o*'s analysis. *See* C. Wright, A. Miller, and E. Cooper, 18 *Fed. Prac. & Proc.* Juris.2d § 4421 (1981), nn. 33 & 34 and related text.

In arguing against the comment *o* analysis, the Hotel cites to several cases that are either inapposite to the case at bar, or support Ms. Beaver. *See Winters v. Lavine*, 574 F.2d 46 (2d Cir. 1978) (an appellate decision in which both issues were decided in affirming the judgment below; therefore, both issues were entitled to preclusion); *Irving Nat. Bank v. Law*, 10 F.2d 721 (2d Cir. 1926) (an appellate court affirmed *all* the points that were necessary to the judgment below, and those points were then used as a basis for collateral estoppel); *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396 (7th Cir. 1987) (inapposite; a *res judicata* decision involving *claim* preclusion rather than *issue* preclusion); *In re Westgate-California Corp.*, 642 F.2d 1174 (9th Cir. 1981) (an appellate court had affirmed all the findings of the trial court); *Sheldon Company Profit Sharing Plan & Trust v. Smith*, 858 F. Supp 663 (W.D. Mich. 1994) (inapposite because each of the issues in question had been necessary to individual claims, so they were not alternative grounds for the decisions on those individual claims); *Malloy v. Trombley*, 405 N.E.2d 213 (N.Y. 1980) (inapposite, because the trial court decision in the first case was never appealed).

Finally, the Hotel cites to one authority that does support its position, *Markoff v. New York Life Ins. Co.*, 430 F.2d 841 (9th Cir. 1976), a federal case which held that an appellate affirmance should collaterally estop any future litigation on any of the alternative grounds on which the decision below was based. However, in adopting this point of view, *Markoff* refers to it as "the California position," relying on a 1940 California Court of Appeals decision, *Bank of America v. McLaughlin Land & Livestock Co.*, 105 P.2d 607 (Cal. App. 1940), which was decided decades before the Restatement (Second) of Judgments was written. In 2000, the California Court of Appeals declined to follow *McLaughlin* and instead held that when an appeal is taken and a judgment is affirmed on one ground while refusing to consider the other, only the sustained ground is conclusive and precluded in a subsequent action. *See Butcher v. Truck Ins. Exchange*, 77 Cal. App. 4th 1442, 92 Cal. Rptr. 2d 521 (2000). Thus, California now follows the same analysis as comment *o*, and the case on which *Markoff, supra*, relied has been abrogated by the California courts.

The Hotel further contends that Ms. Beaver had a full and fair opportunity to litigate the issue of causation when she was before the Commission and she was not entitled to an appellate hearing on that issue before it could be precluded by collateral estoppel. The Hotel cites no authority for this assertion, but Ms. Beaver cites at least one authority that has held otherwise:

> The policy underlying collateral estoppel is that a party is entitled only one fair opportunity to litigate an issue. In furtherance of this policy, courts will not apply collateral estoppel when the party against whom the prior decision is invoked did not have a "full and fair opportunity to litigate" that issue in the prior case. As our court has recognized on prior occasions, a "full and fair opportunity to litigate" includes the right to appeal an adverse decision. [citations omitted.]

*Gray v. Lacke*, 885 F.2d 399, 406 (7th Cir. 1989). In *Gray v. Lacke*, the Seventh Circuit refused to apply the doctrine of collateral estoppel to an issue that, as in the instant case, was grounds for a judgment that was affirmed on appeal on another ground when the issue in question was not addressed by the appellate court. *Id.*

In addition to the other authorities mentioned, Ms. Beaver has provided numerous authorities to support her contention that collateral estoppel is inappropriate with regard to an issue that is a

ground for a judgment later affirmed by an appellate court on another ground without reaching the issue in question. *See Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747 (2d Cir. 1996); *Borst v. Chevron Corp.*, 36 F.3d 1308 (5th Cir. 1994); *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868 (10th Cir. 1992); *Dow Chemical v. U.S. EPA*, 832 F.2d 319 (5th Cir. 1987); *Hicks v. Quaker Oats Co.*, 662 F.2d 1158 (5th Cir. 1981); *State v. Stanford*, 828 P.2d 459 (Or. App. 1992).

 The trial court's decision rested entirely on the case of *Brown v. Dow Chemical Co., supra.* However, *Brown* was inapposite and the greater weight of authority supports the reasoning in Section 27, comment *o*, of the second Restatement of Judgments. We hold that when a trial court decision is based on two or more alternative, independent grounds, and the decision is affirmed on appeal on less than all of the grounds,[1] collateral estoppel will preclude only those grounds that were affirmed on appeal. Therefore, the trial court erred in granting summary judgment.

Reversed and remanded.

---

[1] While we are adopting comment *o*'s reasoning, we do not reach the issue of whether this court should adopt the reasoning of comment *i*. Comment *i* is applicable only when the lower court decision is not appealed; therefore, it does not apply in the instant case.