# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3492

_____

Germain Real Estate Company, LLC; GM Enterprises, LLC

*Plaintiffs - Appellants*

v.

HCH Toyota, LLC; Simmons First National Bank

*Defendants - Appellees*

_____

No. 13-3723

_____

Germain Real Estate Company, LLC; GM Enterprises, LLC

*Plaintiffs - Appellants*

v.

HCH Toyota, LLC; Simmons First National Bank

*Defendants - Appellees*

_____

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 10, 2014
Filed: February 6, 2015
_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Germain Real Estate Company, LLC (Germain), and GM Enterprises, LLC (GM Enterprises), filed suit in federal district court against HCH Toyota, LLC (HCH Toyota), and  Metropolitan National Bank (Metropolitan), alleging claims related to breach of contract.  The district court[1] dismissed the complaint, holding that Germain and GM Enterprises were precluded from bringing the action because a state court already had decided the issue underlying the claims alleged in their federal complaint.  The district court awarded attorneys' fees to HCH Toyota and Metropolitan.  We affirm.

I.

In May 2005, GM Enterprises entered into a lease agreement with H2 Holdings, LLC (H2 Holdings), for certain real property in Benton County, Arkansas.  Paragraph 26 of the lease agreement granted options to purchase the property to GM Enterprises affiliates Ken Morrand and Germain.  The lease agreement provided that if Morrand did not exercise his option within a certain period of time following the fifth anniversary of the commencement date of the lease, Germain could exercise its option to purchase.

_____

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

In June 2008, H2 Holdings, HCH Toyota, and GM Enterprises executed an assignment and third amendment of the lease agreement. H2 Holdings assigned to HCH Toyota its rights under the lease, HCH Toyota assumed H2 Holdings's obligations under the lease, and GM Enterprises agreed to the assignment and assumption. The amendment set forth a new date for Morrand's option period to begin.

HCH Toyota acquired H2 Holdings's interest in the property with proceeds from a loan by Metropolitan. HCH Toyota secured the loan, in part, by placing a lien of mortgage on the property. To that end, GM Enterprises, HCH Toyota, and Metropolitan entered into a subordination, non-disturbance, and attornment agreement (subordination agreement) in June 2008. The subordination agreement provided that "[t]he Lease and all terms thereof, including, without limitation, any options to purchase, rights of first refusal, rights of set off, and any similar rights, are and shall be subject and subordinate to the Mortgage." In October 2012, Germain submitted notice of its decision to exercise its option. Three days later, Germain filed suit against HCH Toyota in Arkansas state court, alleging that HCH Toyota had refused to sell the property in accordance with the option to purchase. Metropolitan intervened as a defendant.

Germain sought specific performance of the option to purchase. HCH Toyota and Metropolitan moved to dismiss the complaint. After a hearing on the matter, the state court dismissed the case without prejudice. Germain then filed an amended complaint. HCH Toyota and Metropolitan again filed motions to dismiss for failure to state facts upon which relief could be granted. The parties submitted briefs, and the state court held another hearing, following which it granted the motions and dismissed the case without prejudice. In its order of dismissal, the state court concluded that Germain was not a party to the assignment and third amendment of the lease agreement and that the subordination agreement had amended paragraph 26 of

the lease agreement. Germain did not appeal from the judgment of the state court, nor did it refile its lawsuit in state court.

Germain and GM Enterprises instead filed suit in federal district court, alleging that they were entitled to specific performance of the option to purchase. In addition, they sought declaratory relief and alleged causes of action for constructive fraud, tortious interference with contract/business expectancy, and civil conspiracy. The district court rejected the defendants' argument that the court lacked jurisdiction under the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923). It granted HCH Toyota's and Metropolitan's motions to dismiss for failure to state a claim, however, concluding that issue preclusion barred the claims set forth in the federal complaint because the issue of Germain's purchase option was fully litigated in state court. The district court later denied Germain and GM Enterprises's motion for reconsideration and awarded attorneys' fees to HCH Toyota and Metropolitan.[2]

## II.

As an initial matter, we hold that the Rooker-Feldman doctrine does not bar Germain and GM Enterprises's claims. The Rooker-Feldman doctrine "applies only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Edwards v. City of Jonesboro, 645 F.3d 1014, 1018 (8th Cir. 2011) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Germain and GM Enterprises do not complain of injuries caused by the state-court judgment. The claims asserted in their

---

[2]Simmons First National Bank merged with Metropolitan after this appeal was initiated and has been substituted for Metropolitan as appellee. Consistent with the parties' briefs, we will refer to Simmons First National Bank as Metropolitan.

federal complaint instead allege injuries caused by breach of contract and related torts. Accordingly, we address whether the principles of preclusion apply to this case.

"Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" Id. at 1019 (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982)). We review *de novo* the district court's application of Arkansas preclusion law. Id. In doing so, we have considered certain matters of public record—the state-court hearing transcripts and order—as well as documents that are necessarily embraced by the federal complaint—the lease, the assignment and third amendment, and the subordination agreement. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (holding that, when considering a motion to dismiss, the court "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings" (citations and internal quotation marks omitted)); see also Knutson v. City of Fargo, 600 F.3d 992, 1000 (8th Cir. 2010) ("[W]e see no reason why the District Court, like this Court, could not take judicial notice of the publicly available state-court argument, particularly where the issue at hand is possible preclusion of a federal claim as a result of those same state-court proceedings.").

"[Arkansas preclusion law] has two facets. One being issue preclusion and the other being claim preclusion." John Cheeseman Trucking, Inc. v. Pinson, 855 S.W.2d 941, 943 (Ark. 1993). Issue preclusion "bars relitigation of issues of law or fact previously litigated, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that the issue was essential to the judgment." Graham v. Cawthorn, 427 S.W.3d 34, 43 (Ark. 2013). Arkansas courts apply issue preclusion when the following elements are met: (1) the issue sought to be precluded is the same as the issue involved in the prior

litigation, (2) the issue was actually litigated, (3) the issue was determined by a valid and final judgment, and (4) the determination was essential to the judgment. Id.

Germain and GM Enterprises argue that issue preclusion does not apply because the state-court judgment was not final. They contend that a dismissal without prejudice cannot be considered a final judgment. Arkansas courts have not addressed the precise question raised in this case: When a state court decides certain issues and dismisses a complaint without prejudice for failure to state facts upon which relief could be granted, see Ark. R. Civ. P. 12(b)(6), can the judgment of dismissal constitute a final judgment for purposes of issue preclusion? "When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the issue[] before us." Northland Cas. Co. v. Meeks, 540 F.3d 869, 875 (8th Cir. 2008) (quoting Cotton v. Commodore Exp., Inc., 459 F.3d 862, 864 (8th Cir. 2006)).

We believe that the Arkansas Supreme Court would hold that the state-court judgment in this case was sufficiently firm to be considered final for purposes of issue preclusion. In reaching this conclusion, we find section 13 of the Restatement (Second) of Judgments instructive. See Beaver v. John Q. Hammons Hotels, L.P., 138 S.W.3d 664, 669 (Ark. 2003) ("While the Restatement (Second) of Judgments has not been adopted *per se* by this court, we have relied on [the general rule on issue preclusion] in several instances."). Section 13 explains that a final judgment for purposes of issue preclusion "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." We have said that "[t]his may mean 'little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.'" In re Nangle, 274 F.3d 481, 485 (8th Cir. 2001) (quoting John Morrell & Co. v. Local Union 304A of the United Food & Commercial Workers, 913 F.2d 544, 563 (8th Cir. 1990)); see also Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999) (explaining that under Missouri law, an issue actually

decided in a case that was dismissed without prejudice is given preclusive effect in a subsequent action between the same parties).

Although the state-court action was dismissed without prejudice, the state-court judgment was sufficiently firm to be accorded conclusive effect. As set forth above, the parties submitted briefs and oral argument to the state court. The order of dismissal was short, but the oral argument transcripts make clear that the parties were fully heard and the court was familiar with the relevant provisions set forth in the lease agreement, the assignment and third amendment, and the subordination agreement. Moreover, even though the case was dismissed without prejudice, Germain could have appealed from the judgment. See Ark. Dep't of Envtl. Quality v. Brighton Corp., 102 S.W.3d 458, 468 (Ark. 2003) (holding that when a complaint is dismissed without prejudice for failure to state facts upon which relief could be granted, the plaintiff may elect to plead further or appeal). Accordingly, we hold that the state-court judgment was final for purposes of issue preclusion and that Germain and GM Enterprises are thus barred from relitigating the issue of Germain's purchase option.

Germain and GM Enterprises argue that even if issue preclusion applies, the district court erred in dismissing their declaratory-judgment action. In the federal complaint, Germain and GM Enterprises asked for declaratory relief to determine the parties' rights under the option-to-purchase provision, set forth in paragraph 26 of the lease agreement. The state court determined that the subordination agreement had amended the lease. The plain language of the subordination agreement rendered all options to purchase subordinate to Metropolitan's rights and subject to its approval. Accordingly, based on the state court's conclusion and the terms of the subordination agreement, Germain was not entitled to specific performance of the option. Dismissal of the federal declaratory-judgment action was appropriate.

With respect to the award of attorneys' fees to Metropolitan and HCH Toyota, the district court undertook a detailed analysis of the work performed by defense counsel. It found the parties' filings to be duplicative and reduced their fees accordingly. Germain and GM Enterprises contend that the fee award should have been further reduced, but they have not shown that the district court abused its discretion in awarding fees as it did. See G&K Servs. Co. v. Bill's Super Foods, Inc., 766 F.3d 797, 800 (8th Cir. 2014) (standard of review).

III.

The judgment is affirmed.

_____