IN the MATTER of the ADOPTION OF K.M.C.

CA 97-1221                                   969 S.W.2d 197

Court of Appeals of Arkansas
Division II
Opinion delivered May 13, 1998

*Kelley Law Firm*, by: *Eugene T. Kelley* and *Glenn E. Kelley*, for appellants.

*Jim Johnson*, for appellee.

JOHN MAUZY PITTMAN, Judge. This case involves the adoption of an infant born to a sixteen-year-old mother. No significant relationship existed between the mother and the biological father, who was himself a teenager, either before or after the child's conception. The mother put the child up for adoption. Appellants (the prospective adoptive parents) filed a petition to adopt the child; however, appellee (the biological father) then established his paternity and withheld his consent. The petition to adopt was dismissed after a hearing in which it was held that the appellee did not unreasonably withhold his consent to the adoption contrary to the best interest of the child. From that decision, comes this appeal.

For reversal, appellants contend that the probate judge erred in ruling that evidence of appellee's actions prior to the birth of the child, and evidence of psychological studies performed on appellee, were inadmissible in determining whether appellee unreasonably withheld his consent to adoption contrary to the best interests of the child. We agree, and we reverse.

Arkansas Code Annotated § 9-9-220 (Supp. 1995) provides, in pertinent part:

> (a) . . . [T]he rights of a parent with reference to a child, including parental right to control the child or to withhold consent to an adoption, may be relinquished and the relationship of parent and child terminated in or prior to an adoption proceeding as provided in this section.

. . . .

(c)   In addition to any other proceeding provided by law, the relationship of parent and child may be terminated by a court order issued under this subchapter on any ground provided by other law for termination of the relationship, or on the following grounds:

. . . .

(3)   That in the case of a parent not having custody of a child, his consent is being unreasonably withheld contrary to the best interest of the child.

■■■   The probate judge refused to admit the challenged evidence on the grounds that it lacked relevance. The determination of the relevance of evidence is within the sound discretion of the trial court, and that determination will not be reversed in the absence of an abuse thereof. *Waeltz v. Arkansas Department of Human Services*, 27 Ark. App. 167, 768 S.W.2d 41 (1989). The record reflects that the child was born in December 1996. The hearing was held approximately four months later, in April 1997. The evidence in the case at bar showed that, in the years immediately before the child was born, appellee had been involved in organizing street gangs, in illegal drug use, and in assaults and other violent behavior. It also depicted him as marginally self-sufficient, unmotivated, underemployed, and generally lacking stability. The probate judge ruled that this evidence was inadmissible, stating that the inquiry was restricted to appellee's conduct after the birth of the child.

■■■   The probate judge cited no rule or reason for thus limiting the inquiry, and we think he was clearly wrong. In making a decision of whether to terminate the parental rights of a party, the trial court had a duty to look at the entire picture of how that parent discharged his duties as a parent, the substantial risk of serious harm the parent imposed, and whether or not the parent was unfit. *Waeltz v. Arkansas Department of Human Services, supra.* Any evidence having probative value as to the present or prospective fitness of a parent is admissible to determine whether consent has been unreasonably withheld. *Lindsey v. Ketchum*, 10 Ark. App. 128, 661 S.W.2d 453 (1983). The *Lindsey* court itself recited evidence concerning the mother's habits and behavior

prior to the birth of her child. A Virginia appellate court reviewing a similar case dealing with the reasonableness of a father's refusal to consent to adoption attached great weight to that father's antisocial behavior prior to the birth of the child, noting that past actions over a meaningful period serve as good indicators of what the future may be expected to hold. *Frye v. Spotte*, 4 Va. App. 530, 359 S.E.2d 315 (1987). In the case at bar, only four months passed between the child's birth and the hearing: limiting the evidence to that four-month period, as the probate judge did here, prevents consideration of past actions over anything remotely approaching a "meaningful period." The probate judge, whose duty it is to "peer into the future to make a projection" bearing on the future welfare of the child, 2 Am. Jur. 2D *Adoption* § 90 (1994), has rendered himself blind and incapable of making an accurate prediction of the future by needlessly limiting his consideration to a statistically insignificant period of time.

■ The probate judge's refusal to consider the psychological evidence was likewise in error. The excluded evidence included an assessment of appellee's ability to provide a safe and nurturing environment for a child, and of the likelihood of appellee's continued involvement with violence, drugs, and antisocial behavior. The probate judge refused to consider this evidence because he believed that his decision needed to be based on "whether or not in the opinion of the court that [appellee] has done anything to forfeit his right to consent to the adoption." The question, however, is not fault but is instead fitness, *see Lindsey, supra*, and the excluded psychological evidence is relevant to appellee's fitness as a parent.

We reverse and remand to the probate court for further proceedings consistent with this opinion. This case involves the adoption of an infant, and it needs to be expeditiously resolved. We do not limit the scope of the probate judge's inquiry on remand, but we direct that it be concluded as quickly as is prudent, and we order that the mandate from this court be issued immediately.

Reversed and remanded.

Arey and Griffen, JJ., agree.