## Cheryl PASLAY *v.* ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 00-850

53 S.W.3d 67

Court of Appeals of Arkansas
Division II
Opinion delivered September 5, 2001

*James G. Petty, Jr.*, for appellant.

Office of Chief Counsel, by: *Kathy L. Hall*, for appellee.

JOHN E. JENNINGS, Judge. Cheryl Paslay brings this appeal from an order terminating her parental rights in her son, L.B., who was born on August 26, 1999. For reversal of that decision, appellant contends that the chancellor erred in using the previous termination of her rights in another child as the basis for terminating her rights in L.B., because the prior termination was pending on appeal. We find no error and affirm.

This is the second appeal involving appellant and L.B. In the first, we affirmed the chancellor's decision that L.B. was dependent-neglected based on a finding that appellant was unfit. *Brewer v. Arkansas Dep't of Human Servs.*, 71 Ark. App. 364, 32 S.W.3d 22 (2000). Appellant was deemed unfit because of severe physical abuse suffered by appellant's daughter, M.P. On December 30, 1999, appellee filed a petition to terminate appellant's parental rights in L.B. Termination was sought under Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(a)(4) (Supp. 1999), which provides that parental rights in a child may be terminated if the child's parent has had her rights involuntarily terminated as to a sibling of the child.

At the hearing held on March 28, 2000, it was established that appellant's parental rights in M.P. had been terminated by order dated December 6, 1999. Appellant argued, however, that the order terminating her rights in M.P. could not serve as the predicate for terminating her rights in L.B. because she had taken an appeal of that decision. She contended that, because the order had been appealed, it could not be considered "final." The chancellor disagreed and entered an order on April 17, 2000, terminating her rights in L.B. based on the previous termination of her rights in M.P.

As argued below, appellant contends that the chancellor erred in basing his decision on the prior termination because it had been appealed. As an initial matter, the appellee argues that this case is now moot because we have since affirmed the termination of appellant's rights in M.P. *Paslay v. Arkansas Dep't of Human Servs.*, CA00-268 (December 20, 2000). It is true that we do not ordinarily decide moot issues. However, there is an exception to the mootness doctrine for cases that are capable of repetition yet evading review. *See Arkansas State Game & Fish Comm'n v. Sledge*, 344 Ark. 505, 42 S.W.3d 427 (2001). When a case involves the public interest, or tends to become moot before litigation can run its course, we have, with some regularity, refused to let mootness become the determinant. *Campbell v. State*, 311 Ark. 641, 846 S.W.2d 639 (1993). Because it is likely that this scenario may arise

in future cases, we consider it appropriate to address the merits of appellant's argument.

In making her argument, appellant refers to *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993), which states the rule that a judgment is considered final for purposes of issue preclusion, despite a pending appeal for a review of the judgment, unless the appeal actually consists of a trial *de novo*. As a corollary to that rule, appellant reasons that, because this court conducts a *de novo* review of chancery cases including those that involve termination, *see Dinkins v. Arkansas Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001), it was error to rely on the previous termination because the decision had been appealed. This argument fails to recognize that there is a difference between a trial *de novo*, and a *de novo* review.

 In *Pinson, supra*, the court cited *Boynton v. Chicago Mill & Lumber Co.*, 84 Ark. 203, 105 S.W. 77 (1907), where the court made the rule clear:

> [T]he weight of judicial opinion, as well as sound reason, is that, when a case which is removed to an appellate court by a writ of error or an appeal *is not there tried de novo, but the record made below is simply re-examined, and the judgment either reversed or affirmed,* such an appeal or writ of error does not vacate the judgment below or prevent it from being pleaded and given in evidence as an estoppel upon issues which were tried and determined, unless some local statute provides that it shall not be so used pending an appeal.

*Boynton* at 213. While our appellate review is *de novo*, it is conducted on a record already made, and we may reverse, affirm, or modify the judgment either in whole or in part. *See* Ark. Code Ann. § 16-67-325 (1987). It is not a trial *de novo*, such as appeals from municipal to circuit court,. where cases appealed are tried anew. *See* Ark. Code Ann. § 16-17-703 (Repl. 1999). Thus, the rule appellant relies upon has no application here. We hold, then, that the chancellor did not err in basing his decision on the prior termination, even though it had been appealed.

Affirmed.

CRABTREE and BAKER, JJ., agree.