Sherry CONN and Charles Conn *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 01-1416                                        85 S.W.3d 558

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered September 25, 2002

*Dale W. Finley*, for appellant.

*Dana McClain*, Office of Chief Counsel, for appellee.

JOHN B. ROBBINS, Judge. Appellants Sherry Conn and Charles Conn appeal from an order terminating their parental rights in their daughter, Christina. For reversal, they argue that the trial court erred in terminating their parental rights

on the sole ground that parental rights to another of their children had previously been terminated. We agree, and we reverse and remand.

Christina was born on October 18, 2000, and the next day appellee Arkansas Department of Human Services obtained an order of emergency custody. On February 5, 2001, appellants' parental rights were terminated as to their first child, Charles, Jr.[1] On the same day, Christina was adjudicated dependent/neglected. A termination hearing regarding Christina was set for August 3, 2001.

At the August 3, 2001, hearing, no testimony was taken. Instead, the trial court terminated appellants' rights to Christina on the stipulation that the court had previously terminated their rights to Charles, Jr. The order terminating parental rights provides, in pertinent part:

> The Court finds it to be contrary to the child's best interest, health and safety, and welfare to return her to the parental care and custody of her parents, and further finds that the Department of Human Services has proven by clear and convincing evidence that this Court has involuntarily terminated the parental rights of Sherry and Charles Conn, Sr. regarding Charles Conn, Jr., the sibling of Christina Marie Conn.

■ We hold that the trial court erred in terminating appellants' parental rights. Arkansas Code Annotated section 9-27-341 (Supp. 1999) provides, in relevant part:

> (b)(3) An order forever terminating parental rights shall be based upon a finding by clear and convincing evidence:
>
> (A) That it is in the best interest of the juvenile, including consideration of the following factors:
>
> (i) The likelihood that the juvenile will be adopted if the termination petition is granted; and

---

[1] The appellants appealed from that order, and we affirmed the termination with regard to Charles, Jr., in an unpublished opinion delivered on May 8, 2002.

(ii) The potential harm, specifically addressing the effect on the health and safety of the child, caused by continuing contact with the parent, parents, or putative parent or parents;

(B) Of one (1) or more of the following grounds:

. . . .

(ix)(*a*) The parent is found by a court of competent jurisdiction to:

(*1*) Have committed murder or voluntary manslaughter of any child or to have aided or abetted, attempted, conspired, or solicited to commit such murder or voluntary manslaughter;

(*2*) Have committed a felony assault that results in serious bodily injury to any child;

(*3*) Have subjected the child to aggravated circumstances; or

(*4*) [Have] had his parental rights involuntarily terminated as to a sibling of the child.

It is undisputed that there was clear and convincing evidence that appellants' parental rights had been involuntarily terminated as to Christina's sibling, which satisfies subsection (b)(3)(B)(ix)(a)(4) of the statute. However, before parental rights may be terminated, there must also be clear and convincing evidence that it is in the best interest of the juvenile pursuant to subsections (b)(3)(A)(i) and (ii).[2] Although the trial court's order recites that it is contrary to Christina's interests to return to the custody of her parents, and that termination is in her best interests, there was no evidence presented to the trial court that would support such a finding. Indeed, no evidence was presented at the termination hearing at all, and thus the termination was based solely on a stipulation concerning the earlier termination of parental rights to Christina's sibling. Since only one of the two requirements of the statute was proved, the trial court's decision to terminate parental rights was clearly erroneous.

---

[2] To the extent that the syntax of the portions of subsection (b) excerpted above raises a question about this construction, reference to one of the 1995 amendments to § 9-27-341 puts any such doubt to rest. *See* Act 1337 of 1995, §§ 1, 10.

■ ADHS submits in its brief that appellants failed to preserve their issue on appeal by raising a proper objection in the trial court, and also that we should not address the argument on appeal because it is not supported by authority or convincing argument. We disagree with both contentions. At the hearing below, counsel for appellants stated that the real issue is whether termination of rights as to one sibling is, by itself, sufficient to warrant the court in entering a termination order without any further proof. In their argument on appeal, appellants cite the relevant statute pertaining to termination of parental rights, and argue, "There is nothing in the record, other than the stipulation that rights relating to a previous child had been terminated, which tells us anything about appellants' abilities or conduct as parents. . . . Appellants contend they are entitled to a hearing on the merits each time a child is taken." We conclude that the appellants sufficiently raised the issue before the trial court, and have provided authority and convincing argument on appeal that the trial court is without authority to terminate parental rights on the sole basis of a prior termination.

■ ADHS further contends that if we reach the merits the order of termination should be affirmed, and cites *Paslay v. Arkansas Dep't of Human Services*, 75 Ark. App. 19, 53 S.W.3d 67 (2001). However, in that case the only issue was whether the trial court erred in basing a termination order on a prior termination, given that an appeal was then pending on the prior termination. We did not address the issue of whether the existence of a prior termination is sufficient, in itself, to support a subsequent termination. Thus, the holding in *Paslay v. Arkansas Dep't of Human Services, supra*, is not controlling in the present case.

Reversed and remanded.

HART, BIRD, NEAL, and BAKER, JJ., agree.

STROUD, C.J., concurs.