Cite as 2022 Ark. App. 159

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-21-538

| | |
|---|---|
| LACEE ISOM | Opinion Delivered April 13, 2022 |
| APPELLANT | |
| | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. 66FJV-20-253] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE DIANNA HEWITT LADD, JUDGE |
| APPELLEES | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Appellant Lacee Isom appeals from the Sebastian County Circuit Court's termination of her parental rights to her children, E.I. (DOB 04-02-13) and R.I. (DOB 04-03-14). On appeal, Isom argues that the termination order was not supported by sufficient evidence. She challenges only the circuit court's best-interest finding.[1] We affirm.

On June 30, 2020, the Arkansas Department of Human Services ("DHS") exercised emergency custody of E.I. and R.I. due to inadequate supervision. Specifically, DHS alleged that Isom knowingly left the juveniles with an inappropriate babysitter; the juveniles were found walking on Highway 250 in Waldron, Arkansas, asking for rides from strangers. Prior

---

[1]The juveniles' father, Chad Isom, relinquished his parental rights on June 18, 2021, and never withdrew the relinquishment. Lacee Isom is the only party to this appeal.

to this incident, the juveniles had been in foster care three times within the past five years. Following the juveniles' removal, Isom visited the DHS office, refused a drug screen, and made such a scene that security had to escort her out of the DHS office.

On July 6, 2020, DHS filed a petition for ex parte emergency custody and dependency-neglect of the juveniles, and on the same day, the circuit court entered an order granting DHS's petition. Thereafter, the juveniles were placed in a relative foster home with their paternal grandparents. The following day, on July 7, the circuit court held a probable-cause hearing wherein it found that probable cause existed for the emergency order to remain in place.

On September 29, the circuit court held an adjudication hearing. At this hearing, the circuit court adjudicated the juveniles dependent-neglected on the basis of neglect due to inadequate supervision. The circuit court also ordered that the case goal be reunification and that there be no contact between Isom and the juveniles' foster-family placement. Additionally, the circuit court ordered Isom to maintain stable housing, employment, and transportation; to complete parenting and anger-management classes; to complete a drug-and-alcohol assessment and a psychological evaluation and follow the recommendations; and to submit to random drug screens and hair-follicle tests.

On November 17, DHS filed a motion to suspend visits between Isom and the juveniles because of her frightening behavior. While being transported to one of her visits with the children, Isom repeatedly asked the DHS workers the following questions: "What keeps you safe from transporting parents like me?" and "What keeps you from worrying

2

about someone just grabbing the steering wheel and pulling it to the side of the road?" Following these comments--along with other erratic behavior from Isom--the DHS workers pulled over on the side of the road, called 911, and had a police officer handcuff Isom and transport her to Waldron.

On December 15, the circuit court held a review hearing. At this hearing, the circuit court continued the goal of reunification and noted that Isom did not want visits with her children if she had to be transported by DHS. The circuit court further ordered Isom to resolve her legal issues and begin services provided by DHS.

On April 27, 2021, the circuit court held another review hearing and continued the goal of reunification. Additionally, the circuit court found that Isom was not in compliance with the case plan and court orders and ordered Isom to not visit the juveniles outside of DHS supervision and to have no contact with them at their school or at their foster placement. On June 22, DHS filed a petition to terminate the Isoms' parental rights. The circuit court held a hearing on the petition on August 10, and in an order entered September 3, terminated all parental rights in this case. Isom now appeals.

We review termination-of-parental-rights cases de novo. *Heath v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 255, at 5–6, 576 S.W.3d 86, 88–89. We review for clear error, and a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* A court may order termination of parental rights if it finds clear and convincing evidence to support one or more statutory grounds listed in the Juvenile Code,

Arkansas Code Annotated section 9-27-341(b)(3)(B) (Supp. 2021), and that termination is in the best interest of the child, taking into consideration the likelihood of adoption and the potential harm to the health and safety of the child that would be caused by returning him or her to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A).

On appeal, Isom does not challenge the court's finding that DHS proved grounds for termination.[2] Her only argument for reversal relates to best interest. In making a best-interest determination, the circuit court must look at all the circumstances, including the potential harm of returning the children to their parents' custody—specifically, the effect on the children's health and safety; and it must consider the likelihood that the children will be adopted. Ark. Code Ann. § 9-27-341(b)(3).

Isom also does not challenge the adoptability finding, so we address only the potential-harm prong of the circuit court's best-interest finding. In assessing the potential-harm factor, the circuit court is not required to find that actual harm would result or to identify specific potential harm. *Gonzalez v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 425, at 12, 555 S.W.3d 915, 921. Additionally, evidence that supports the statutory grounds may also support a potential-harm finding. *E.g.*, *Cole v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 481, at 9–10, 611 S.W.3d 218, 223. Further, potential harm includes a child's lack of

---

[2]Because Isom does not challenge the statutory grounds for termination of her parental rights, she abandons any challenge to those findings on appeal. *Davidson v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 402, 585 S.W.3d 738.

stability in a permanent home; a court may consider a parent's past behavior as a predictor of future behavior. *Gonzalez, supra*.

In the case before us, the record is replete with evidence of potential harm. Isom essentially refused all court-ordered services throughout the case, she was arrested several times during the case, and she failed to maintain stable housing, transportation, and employment. *E.g., Belt v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 315, at 9, 603 S.W.3d 203, 209 ("Here, both parents failed to fully comply with the court's orders. Moreover, during the case, both parents were repeatedly arrested, and both failed to pay their fines, leaving them subject to future arrest."); *Jung v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 523, at 6, 443 S.W.3d 555, 559 ("A parent's lack of stable housing or employment can demonstrate potential harm to a child, as can a parent's continued illegal-drug usage.").

On appeal, Isom maintains that the circuit court's potential-harm finding was clearly erroneous because she had income, would soon have employment, and could pay child support. This argument is based solely on Isom's own testimony, which the circuit court did not find credible. In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Gossett v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 240, 374 S.W.3d 205. Isom admitted that she was not ready to care for the children and that it would be in their best interest to terminate her parental rights and be adopted by the paternal grandparents. We cannot say the circuit court erred here.

5

Isom also argues that the circuit court's entire best-interest finding was erroneous because there was a least-restrictive-alternative option available––placing the juveniles in the custody or guardianship of their paternal grandparents. However, this argument was never made to the circuit court, and we agree with DHS that the argument is not preserved. It is well established that if the argument is not made below, it is barred from being raised on appeal. *See Cole*, 2020 Ark. App. 481, 611 S.W.3d 218.

Finally, Isom argues that the circuit court clearly erred because it failed to hold a permanency-planning hearing. However, like her relative-placement argument, this argument is also not preserved for our review. In the record before us, it appears the permanency-planning hearing was set for June 22, 2021, but was neither held nor continued. The same date, June 22, DHS filed its petition to terminate Isom's parental rights. The next court date was the August 10 termination hearing. Isom never requested a permanency-planning hearing though she could––and for appellate purposes, should–––have requested one. Because she did not, the argument is not preserved for our review.

However, we also note that the outcome of a permanency-planning hearing does not prevent the circuit court from ruling on a termination petition, and it also will not change the outcome of the circuit court's final termination order. *E.g.*, *McKinney v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 475, at 16, 527 S.W.3d 778, 788–89 ("[T]his court agrees with DHS that there is no express remedy for such a failure in the juvenile code. When the legislature has not seen fit to fashion a remedy, it is not the province of the court of appeals to do so."); Ark. Code Ann. § 9-27-341(b)(1)(B). Accordingly, we affirm.

Affirmed.

VIRDEN and MURPHY, JJ., agree.

*Tabitha McNulty*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.