Cite as 2024 Ark. App. 333

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-24-3

| | | |
|---|---|---|
| | | Opinion Delivered May 22, 2024 |
| JENIVEVE DEVARY | | |
| | APPELLANT | APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT |
| V. | | [NO. 64JV-22-22] |
| | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | | HONORABLE TERRY SULLIVAN, JUDGE |
| | | |
| | APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Jeniveve Devary appeals the October 5, 2023, order of the Scott County Circuit Court terminating her parental rights to her minor children MC1 (born 10/26/ 12), MC2 (born 06/23/14), MC3 (born 12/06/15), and MC4 (born 08/05/21). Jeniveve challenges all three statutory grounds relied on by the circuit court to terminate her parental rights and additionally challenges the circuit court's finding that termination of her parental rights was in the best interest of the minor children. We affirm.

### I. *Facts and Procedural History*

On June 15, 2022, the Arkansas Department of Human Services (the "Department") exercised an emergency seventy-two-hour hold on MC1, MC2, MC3, MC4 due to allegations of abuse, neglect, and parental unfitness by the mother, Jeniveve Devary. On the same day, the Department filed a "Petition for Ex Parte Emergency Custody," and an "Amended

Petition" alleging that the juveniles were dependent-neglected as a result of environmental neglect, inadequate food and shelter, sexual abuse, physical abuse, and inadequate supervision. Jeniveve had previous protective-services cases in Florida, Tennessee, and Sebastian County, Arkansas. Caseworkers found the home in disarray with trash, clothing, and other items spread throughout the house. The oldest child had bruises and marks on her left leg, which she said came from "whoopins" from her mom, who used a belt or switch. The children told the caseworker they were starving and begged her to feed them. The Department attached an affidavit to its petition that stated, "It was reported that Jeniveve Devary had been withholding food from the juveniles for days at a time, making them attend "boot camp" at the neighbor's home, and making the children sleep on the bare floor as a form of punishment for not cleaning the home. There were further disclosures from the juveniles of physical abuse by their mother and then later disclosures of alleged sexual abuse in the home."

On June 20, 2023, the circuit court entered an "Ex Parte Order for Emergency Custody" placing custody of the juveniles with the Department. On June 21, 2022, the circuit court held a probable-cause hearing and found that probable cause continued to exist for the emergency order to remain in place. On August 23 and November 8, 2022, the circuit court held an adjudication and disposition hearing and adjudicated the juveniles dependent-neglected on the basis of environmental neglect, physical abuse, and inadequate food. In support of its dependency-neglect finding, it found the allegations in the Department's petition to be true and correct, and it also found the caseworkers' testimony

2

credible that Devary withheld food as a form of punishment. Additionally, the circuit court ordered a goal of reunification for the case and continued the services ordered at the probable-cause hearing. On February 28, 2023, the circuit court held a review hearing and continued the previous goal, finding that Devary had complied with the case plan and goals of the case but noted that Devary still needed to get her housing in order.

A permanency-planning hearing was held on June 27, 2023, and the goal of the case was changed to termination. In support of this goal change, the circuit court found that Devary had been sporadic in her cooperation with the Department. The circuit court was disturbed that Devary had posted pictures of the juveniles and asked for funding on the internet, had not made substantial progress, had not benefited from the services offered by the Department, and had no valid license or tags on her car. Further, the circuit court found Devary unfit and that the juveniles could not be returned to her custody. On August 3, the Department filed a petition to terminate parental rights. On September 12, the circuit court held a termination-of-parental-rights hearing and terminated Devary's parental rights on the basis of the "failure-to-remedy," "subsequent-factors," and "aggravated-circumstances" grounds. Additionally, the circuit court found it was in the juveniles' best interest to terminate parental rights.[1]

II. *Discussion*

---

[1]The parental rights of James Thomas were also terminated, but he is not part of this appeal.

Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of a child. *Collier v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 100, 641 S.W.3d 67. We review termination-of-parental-rights cases de novo, but we will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Isom v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 159. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, due deference is given to the circuit court's opportunity to judge the credibility of witnesses. *Gascot v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 57.

Jeniveve argues that the circuit court's order terminating their parental rights is not supported by the evidence and is not in the children's best interest. Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the children. *Williams v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 162. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood the children will be adopted and of the potential harm caused by returning custody to the parent. *Id.* A finding of both must be made to support a termination of parental rights; as such, a successful challenge of one step is sufficient for reversal. *Conn v. Ark. Dep't of Hum. Servs.*, 79 Ark. App. 195, 85 S.W.3d 558 (2002).

4

A.  Failure to Remedy

Proof of only one statutory ground is sufficient to terminate parental rights. *Freedman v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 514, at 14–15, 679 S.W.3d 420, 428.  We will focus on the failure-to-remedy ground, and because the evidence is sufficient to prove that ground, there is no need to discuss the other two grounds.  To prevail on the failure-to-remedy ground, DHS must demonstrate (1) the child was adjudicated dependent-neglected; (2) the child remained out of the custody of the parent for twelve months; (3) the parent failed to remedy the cause of the removal; and (4) this failure occurred despite meaningful efforts by DHS to rehabilitate the parent and correct the issue that caused the removal.  Ark. Code Ann. § 9-27-341(b)(3)(B)(i) (Supp. 2021).  The juveniles were adjudicated dependent-neglected, and despite the Department's meaningful efforts, the juveniles remained out of Devary's custody for fifteen months.  Devary failed to complete parenting classes and failed to allow the Department to view the inside of her home for several months prior to the termination hearing.  The caseworker attempted to visit the home, and although the caseworker was not able to access the inside of the home during the last five attempts, the caseworker observed environmental concerns outside the home.  The Department offered parenting classes and counseling.  However, Devary testified she had given up and reported that she could not take care of herself and that she had lost faith in the system.  The conditions that caused removal of the children from the home have not been remedied.  Considering these facts, we hold that the circuit court did not clearly err in finding by clear

and convincing evidence that the failure-to-remedy ground supported the termination of Devary's parental rights.

## B. Best Interest

In making a best-interest determination, the circuit court is required to consider the likelihood of adoptability and the potential harm to the health and safety of the child that would be caused by returning him or her to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A). Not every best-interest factor must be established by clear and convincing evidence; rather, after consideration of all factors, the evidence must clearly and convincingly show that termination is in a child's best interest. *Renfro v. Ark. Dep't of Hum. Servs.*, 2011 Ark. App. 419, 385 S.W.3d 28. Further, the circuit court is not required to find that actual harm would result or to affirmatively identify a potential harm. *Ross v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 503, 529 S.W.3d 692. Potential harm must be viewed in broad terms and a forward-looking manner. *Id.*

Devary does not challenge the circuit court's findings regarding adoptability. Therefore, we need not consider that issue. *Easter v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 411, 587 S.W.3d 604. Rather, Devary challenges the potential-harm factor. In deciding whether to terminate parental rights, the circuit court has a duty to look at the case as a whole and how the parent has discharged her parental duties, the substantial risk of serious harm the parent imposes, and whether the parent is unfit. *In re Adoption of K.M.C.*, 62 Ark. App. 95, 969 S.W.2d 197 (1998). This court has repeatedly held that a parent's past behavior is an indicator of likely potential harm should the child be returned to the parent's

care and custody. *Yelvington v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 337, 580 S.W.3d 874. Devary's failure to make measurable and sustainable progress toward alleviating the cause of the minor children's removal demonstrates there remains a risk of potential harm to the minor children should they be returned to her. Devary failed to maintain an environmentally safe home, failed to resolve her mental-health issues, failed to take her medication as prescribed, failed to complete parenting classes, and failed to attend counseling. Because we are not left with a definite and firm conviction that a mistake has been made, we hold that the circuit court did not clearly err in finding that termination was in the minor children's best interest. Accordingly, we affirm the order terminating Devary's parental rights.

Affirmed.

THYER and BROWN, JJ., agree.

*Eden Law Firm*, by: *Kimberly Eden*, for appellant.

*Demarcus D. Tave*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.